■ In the Matter of GARY CALHOUN, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [788 NYS2d 33]—

Determination of respondent Police Commissioner, dated January 13, 2003, finding that petitioner wrongfully discharged his firearm at a moving vehicle, and wrongfully used his patrol car as a roadblock, in violation of Patrol Guide § 203-12 (g) and § 212-39 (d), respectively, and imposing a one-year dismissal probation and 30-day vacation forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Doris Ling-Cohan, J.], entered December 11, 2003) dismissed, without costs.

In reviewing this determination, the Court is limited to whether the conclusions below are supported by substantial evidence (*Matter of Rodriguez-Rivera v Kelly,* 2 NY3d 776 [2004]). We may not substitute our own judgment but are constrained to uphold the determination as long as there is any rational basis for the findings (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 182 [1978]).

The findings are supported by substantial evidence, including the testimony of petitioner and his partner, that petitioner did not have authorization from his supervisors to block traffic by parking his vehicle across a parkway, and could have avoided the deadly threat he felt when he fired his weapon at the passenger in a fleeing carjacked vehicle by taking cover instead of confronting the vehicle. We reject petitioner's argument that the charge of wrongfully discharging his firearm did not give him notice of the finding that he failed to take cover. The penalty imposed does not shock our sense of fairness, as a matter of law (*see Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001]). Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.