■ In the Matter of PETER BRIGANDI, Petitioner, v BOARD OF EDUCATION, DEER PARK UNION FREE SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education, dated November 14, 1984, which, after a hearing, found the petitioner guilty of various charges of misconduct and incompetence and thereupon terminated his employment.

Determination confirmed and proceeding dismissed on the merits, with costs.

We find that there was substantial evidence in the record to support the findings that the petitioner violated the respondent's rules against, inter alia, backing up a school bus without proper supervision and changing the order of stops on a bus route without first notifying the transportation office personnel. Thus, there is no basis for this court to set aside

the determination *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Nor was it an abuse of discretion for the respondent to impose the maximum penalty, i.e., termination of the petitioner's employment, since the potential harm to the elementary school children who the petitioner transported daily was enormous, and it was only a fortuitous happenstance that minimal property damage occurred rather than physical harm to a child. Under the circumstances, the penalty was not so disproportionate to the offenses as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.