In the Matter of ELEANOR D'AURIZIO, Petitioner, v GREECE CENTRAL SCHOOL DISTRICT, Respondent. [645 NYS2d 363] —Determination confirmed without costs and petition dismissed. Memorandum: From our review of the record, we conclude that the determination that petitioner, a school bus driver employed by respondent, was guilty of two charges of misconduct is supported by substantial evidence (*see generally, Matter of Collins v Codd*, 38 NY2d 269, 270). We further conclude that petitioner's argument that the Hearing Officer's appointment violated Civil Service Law § 75 (2) "does not provide a basis for relief because it was not raised or relied upon at the agency level" (*Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834, *mot to amend remittitur granted* 74 NY2d 942). Petitioner failed to preserve for our review her contention that the Hearing Officer improperly admitted testimony regarding a May 4, 1994 conversation that she had with another employee of respondent. Were we to reach that issue, we would conclude that, even if that testimony was improperly admitted, "there was other evidence to more than substantiate the specific incidents of misconduct for which [petitioner] was terminated" (*Matter of Sines v Opportunities for Broome*, 156 AD2d 878, 880). Lastly, we cannot say on this record that the penalty of dismissal is " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364; *see, Long v Board of Educ.*, 162 AD2d 1050).

All concur except Balio, J., who dissents in part and votes to modify in the following Memorandum.

Balio, J. (dissenting in part). I agree that respondent presented substantial evidence to support its charges that petitioner misrepresented the extent of her disability and continued on sick leave while no longer disabled from her duties as a school bus driver. The penalty of dismissal, however, is grossly disproportionate to the conduct of petitioner, and the determination should be modified to reduce that penalty.

Surveillance tapes depict petitioner playing golf on June 30, 1994. The physician who examined petitioner on behalf of re-

spondent on July 7, 1994, reported that petitioner was not disabled and could return to work. The school year ended before June 30, 1994, and thus, respondent did not expect her to return to her duties as a bus driver before the start of the next school year in September. Thus, at most, petitioner deprived respondent of her services for part of the month of September 1994. There is no evidence that, in her 10 years of service for respondent, petitioner engaged in improper conduct warranting discipline. Under the circumstances, the penalty imposed is so disproportionate as to be shocking to one's sense of fairness (*cf., Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). The maximum penalty warranted by the facts of this case is a one-year suspension. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Lunn, J.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.