In the Matter of RONALD E. SMITH, Petitioner, v BOARD OF EDUCATION OF TACONIC HILLS CENTRAL SCHOOL DISTRICT, Respondent. [652 NYS2d 666] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent which terminated petitioner from his employment.

On May 10, 1995, petitioner, a bus driver who had been employed by respondent in various capacities for about 14 years, was driving a Taconic Hills Central School District station wagon westbound on Interstate Route 90 in the Town of East Greenbush, Rensselaer County. At that time, no students were in the vehicle and petitioner's sole passenger was a bus aide. As petitioner proceeded, State Trooper Stephen Arnold observed petitioner traveling at a fast rate of speed which he estimated to be approximately 80 miles per hour. Petitioner's vehicle registered 78 miles per hour on the radar gun. Arnold stopped petitioner and issued a speeding ticket which petitioner pleaded guilty to by mail.

Petitioner did not report the matter to his employer within five working days as required by Vehicle and Traffic Law § 509-i (1-a) and respondent, after being notified by the Department of Motor Vehicles on June 21, 1995, commenced this disciplinary proceeding. In a letter dated August 29, 1995, respondent's Superintendent charged petitioner with five counts of misconduct and/or incompetence. The first charge alleged that petitioner was driving a school vehicle in excess of the posted speed limit on May 10, 1995. The second and third charges alleged that petitioner was convicted of speeding on May 18, 1995 and failed to notify respondent of this conviction as required by law and respondent's own policy. The fourth and

fifth charges were issued in conjunction with an unrelated job duty involving the submission of checklists.

A Hearing Officer was appointed and a hearing was held on September 21, 1995. Petitioner testified that as he was being pulled over, he looked down at his speedometer and his speed was 62 miles per hour. Arnold testified that the radar gun indicated that petitioner was traveling at 78 miles per hour. In the Hearing Officer's findings of fact and recommendations, the Hearing Officer noted that, prior to the hearing, petitioner filed a writ of coram nobis seeking to vacate his guilty plea. Although a decision on the writ had not been reached by the East Greenbush Justice Court before the hearing ended, the Hearing Officer noted that the writ was subsequently granted and petitioner's original plea "was vacated in consideration of a plea to a reduced violation of the Vehicle and Traffic Law". Since this had occurred after the close of proof, the Hearing Officer declined to consider this development and proceeded to find petitioner guilty of the first three charges and not guilty of the remaining two charges. With respect to the second and third charges, the Hearing Officer recommended that petitioner be suspended from his employment for five days.* Regarding the first charge, however, the Hearing Officer recommended that petitioner's employment be terminated.

Respondent voted to accept and adopt the Hearing Officer's report and recommendation and dismissed petitioner from employment effective October 23, 1995. Petitioner commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court transferred the proceeding to this Court.

Initially, we note that petitioner's argument that the Hearing Officer's appointment violated Civil Service Law § 75 " 'does not provide a basis for relief because it was not raised * * * at the agency level' " and is not preserved for review (*Matter of D'Aurizio v Greece Cent. School Dist.*, 229 AD2d 987, quoting *Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834, *amended* 74 NY2d 942).

Turning to respondent's determination, we conclude that it was rational and supported by substantial evidence in the record. Petitioner argues that he should not have been found guilty of the first three charges based upon the ultimate vacatur of the original speeding conviction and his plea to a reduced charge. However, the first charge, the one for which his employment was terminated, alleged that petitioner

---

* This penalty is consistent with that provided in Vehicle and Traffic Law § 509-i (1-a).

violated Vehicle and Traffic Law § 1180 (b), which prohibits traveling in excess of 55 miles per hour on posted roads. Based on the testimony of Arnold and petitioner himself, there exists in this record a rational basis for respondent's determination that petitioner was exceeding the posted speed limit as charged. As for the second and third charges accusing petitioner of failing to notify respondent of his conviction on a traffic charge, we similarly find respondent's determination of guilt to be supported by the evidence. Assuming, arguendo, that we agree with petitioner that the Hearing Officer was incorrect in disregarding the ultimate outcome of his petition to vacate his guilty plea in Justice Court, a letter in the record from respondent's attorney, dated November 1, 1995, indicates that *respondent* did take the vacatur charge reduction into account and did not find it dispositive. Since the applicable laws and policies require notification of *any* traffic conviction, we find no reason to disturb the findings of guilt as to charges two and three.

Petitioner also argues that the penalty imposed was inappropriate and should be annulled. When determining the appropriateness of a penalty, a court must consider whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offense as to shock one's sense of fairness (*see, Matter of Heslop v Board of Educ.*, 191 AD2d 875, 878). Petitioner has been a licensed driver for about 43 years and never received a traffic ticket prior to May 10, 1995. Furthermore, petitioner was employed by respondent for 14 years with a good disciplinary record. While this Court appreciates the importance of safety when transporting school children, we note that petitioner was terminated for this one instance of speeding in a fast-moving section of the highway with no students in the vehicle. Given the specific facts and circumstances in this record, we agree that the disciplinary action taken was unfair and disproportionate to the misconduct. Therefore, we remit the matter to respondent for determination of a more appropriate penalty (*see, e.g., Matter of Smith v Board of Educ.*, 221 AD2d 755, *lv denied* 87 NY2d 810; *Matter of Comins v Camden Cent. School Dist.*, 214 AD2d 1032, *lv denied* 86 NY2d 708; *Matter of Benson v Board of Educ.*, 209 AD2d 693, *appeal dismissed* 85 NY2d 847, *lv denied* 85 NY2d 809; *Matter of Ross v Oxford Academy & Cent. School Dist.*, 187 AD2d 898, *lv denied* 81 NY2d 705).

Petitioner's remaining arguments, including his claims that his right to counsel was violated and that respondent improperly considered matters outside the record, have been examined and found to be without merit.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a penalty; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.