■ In the Matter of ANN COLLINS, Petitioner, v PARISHVILLE-HOPKINTON CENTRAL SCHOOL DISTRICT et al., Respondents. [710 NYS2d 728] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Board of Education of the Parishville-Hopkinton Central School District which terminated petitioner's employment as a bus driver.

Petitioner was employed as a full-time bus driver by respondent Parishville-Hopkinton Central School District in the Town of Parishville, St. Lawrence County. On the evening of

November 20, 1996, petitioner and several other School District bus drivers met at the School District's bus garage and then traveled on a school bus to a nearby school to attend a bus driver training workshop. It is undisputed that petitioner brought a 12-pack of beer with her to the bus garage and that she consumed some beer in the bus garage while awaiting transportation to the training session. Subsequently, the School District brought disciplinary charges against petitioner alleging that petitioner (1) brought and consumed beer upon School District property, (2) attended a bus driver safety workshop after having consumed beer, (3) was under the influence of alcohol at the workshop, (4) upon her return to the School District property, drove out of the parking lot at a high rate of speed, spinning her tires and performing a "doughnut" and "fishtailing" in the parking lot, and (5) appeared distracted and inattentive at the training session.

Following a hearing, respondent Board of Education of the Parishville-Hopkinton Central School District found that petitioner was guilty of all of the charges and imposed the penalty of dismissal. Upon judicial review, this Court found respondents' determination to be replete with error, requiring annulment and remittal to the Board for the purpose of making findings of fact in support of whatever decision it deemed proper (*Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 256 AD2d 700, 701-702). In December 1998, the Board determined that petitioner was guilty of the first four charges, as previously set forth, and articulated its factual findings supporting each such charge. The Board again determined that petitioner's employment should be terminated. Petitioner commenced the current CPLR article 78 proceeding, seeking annulment of the Board's determination, reinstatement to her bus driver position, back pay and lost benefits. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

As a threshold matter, we reject respondents' contention that the proceeding is time barred because petitioner did not purchase a new index number but instead filed the present proceeding under the index number issued in the prior proceeding. Notably, the prior petition was neither granted nor dismissed, and the proceeding remained open pending respondents' further findings.

Proceeding now to the merits of the petition, we are unpersuaded by petitioner's central contention that respondents' findings of guilt on the third and fourth charges are not supported by substantial evidence in the record. Although we agree

that respondents could not find petitioner guilty of the third charge absent some evidence that she was under the influence of alcohol at the training session, we believe that sufficient evidence was adduced in that regard. Petitioner concedes that she consumed one 16-ounce can of light beer in the bus garage and the hearing testimony supports a finding that she actually may have consumed as many as three cans. In addition, one witness testified that petitioner "was more giggly than usual" at the safety meeting and another stated that petitioner "might have been a little giggly or tee-hee type thing" at the meeting. Obviously, the existence of contrary evidence created a credibility issue which the Board was entitled to and apparently did resolve against petitioner. On the fourth charge, testimony that petitioner "was gunning it pretty good" in the parking lot, that her tires spun and her vehicle fishtailed and, in fact, underwent a 270-degree spin, provided ample support for the Board's finding of guilt.

We are also unpersuaded that the penalty of termination was so disproportionate as to be shocking to one's sense of fairness (*cf.*, *Matter of Smith v Board of Educ.*, 235 AD2d 912, 913-914). Based upon the clear District policy prohibiting possession and consumption of alcohol on school premises, the designation of the school as a drug-free zone and the complete lack of judgment exhibited by petitioner, we conclude that the penalty of termination was warranted.

As a final matter, in view of our determination that the proceeding is not time barred, petitioner is entitled to back pay from February 24, 1997 through December 21, 1998, i.e., the period between the Board's original termination decision and its subsequent termination decision following our remittal, less any compensation derived from other employment or unemployment benefits received by petitioner for that period (*see*, Civil Service Law § 75 [3]; *Matter of Sinicropi v Bennett*, 60 NY2d 918, 920). Petitioner's remaining contentions have been considered and found to be lacking in merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is modified, without costs, by granting the petition to the extent that petitioner is awarded back pay for the period February 24, 1997 through December 21, 1998, less any compensation derived by petitioner from other employment or unemployment benefits received for that period, and, as so modified, confirmed.