◼ In the Matter of KENNETH MASSARIA, Petitioner, v FREDERICK BETSCHEN, as Superintendent of Schools, et al., Respondents. [734 NYS2d 740] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Board of Education of the New Paltz Central School District which terminated petitioner from his position as a school bus driver.

Petitioner was employed as a school bus driver for respondent New Paltz Central School District (hereinafter the District) from 1992 until April 1, 1998. On December 1, 1997, respondent Frederick Betschen, Superintendent of Schools, instituted charges of misconduct and incompetence pursuant to Civil Service Law § 75 based upon petitioner's failure to drop a

third grade student off at the proper bus stop on two occasions and an incident captured on videotape in which he drove the bus in the middle of the road as he approached waiting students at a bus stop.

After a hearing at which eyewitnesses and petitioner testified, the Hearing Officer, by letter dated January 29, 1998, rendered a determination finding petitioner guilty of the three charges. During the penalty phase of the hearing, the District submitted, inter alia, petitioner's prior disciplinary record which consisted of a stipulation of settlement in lieu of disciplinary charges dated October 1, 1997, just a month prior to the charged conduct in issue here. Pursuant to that stipulation, petitioner was suspended for two weeks without pay and admitted to four acts of misconduct and incompetence. That prior misconduct included failing to follow his bus run assignment resulting in the failure to pick up students, failing to close all bus windows and turn off the bus causing damage to the bus, and departing from a mandatory meeting without supervisory permission. The stipulation provided that it constituted Civil Service Law § 75 discipline, that it could be used in any future disciplinary proceeding against petitioner, and that if he engaged in similar conduct in the future, the District would seek to dismiss him from this position. Petitioner admitted at the penalty hearing that the stipulation was accurate.

The Hearing Officer thereafter issued a report and recommendation which summarized the testimony and set forth findings of fact supporting petitioner's guilt on each of the charges, and recommended that petitioner be dismissed from service, which findings and recommendation were adopted by the District's Board of Education (hereinafter the Board). Petitioner then commenced this CPLR article 78 proceeding to review the Board's determination, which was transferred to this Court by order of Supreme Court (*see*, CPLR 7804 [g]).

Upon review of the testimony and evidence adduced at the hearing, we find that the Board's decision is supported by substantial evidence and must be affirmed (*see*, *Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176). The first and second charges related to petitioner's failure on two specified dates in November 1997 to drop a third grade student at the bus stop to which she was assigned, instead dropping her at the next bus stop which required her to walk back to her assigned stop. The child's mother, who witnessed both incidents, testified to her observations and that she reported the incidents im-

mediately to the District's Supervisor of Transportation, Peter Montalvo. The mother expressed concern because the road had no sidewalks or shoulders and had a history of accidents. Montalvo confirmed receiving these parental complaints and testified that he had warned petitioner against this practice before he left for his afternoon run, during which the second incident occurred. Montalvo testified that petitioner had received the rule book and petitioner testified, admitting awareness of the rule requiring discharge of children at assigned bus stops and the second incident. Petitioner's explanation for violating that rule is irrelevant and his denial of the first incident created a credibility question for the Hearing Officer to resolve (*see, Matter of Di Maria v Ross*, 52 NY2d 771, 772; *Matter of Ronkese v Board of Educ. of Highland Cent. School Dist.*, 82 AD2d 1011; *see also, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444).

The third charge involved petitioner's conduct on one or more occasions in driving his bus into the middle of the road as he approached a bus stop of waiting children, creating a safety risk. Petitioner drove into the middle of a two-way street, without justification, and turned the bus in the direction of children waiting along the right side of the street before coming to a stop. A concerned parent videotaped one of the incidents and Montalvo reviewed the video and testified that this driving maneuver was unsafe, constituting substantial evidence of this charge.

Moreover, the Hearing Officer's report and recommendation, which the Board expressly adopted, satisfied the requirement that the decision be supported by specific factual findings and state the hearing evidence relied upon (*see, Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914; *Matter of Simpson v Wolansky*, 38 NY2d 391, 396; *cf., Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 256 AD2d 700, 701-702). The Hearing Officer was not required to set forth findings of fact and evidence relied upon at the conclusion of the liability phase, prior to the penalty phase. Further, none of the Hearing Officer's findings of misconduct related to uncharged acts (*cf., Matter of Collins v Parishville-Hopkinton Cent. School Dist., supra*, at 701; *see also, Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785).

With regard to the Hearing Officer's consideration at the penalty phase of the stipulation documenting petitioner's prior admitted misconduct and incompetence, this occurred only after the misconduct/incompetence charged was established; petitioner was given ample notice that the prior stipulated incidents would be considered in the determination of an ap-

propriate penalty and an opportunity to be heard regarding those prior incidents, and in fact petitioner testified about them (*see, Matter of Bigelow v Board of Trustees of Inc. Vil. of Gouverneur*, 63 NY2d 470, 474; *cf., Matter of Simpson v Wolansky, supra*). The prior infractions need not have been included in the statement of charges, and petitioner's employment history was properly taken into consideration in the determination of an appropriate sanction for the proven present acts of misconduct and incompetence (*see, Matter of Bigelow v Board of Trustees of Inc. Vil. of Gouverneur, supra*, at 474; *Matter of Gibides v Powers*, 45 NY2d 994; *Matter of Bal v Murphy*, 43 NY2d 762).

While, fortunately, no one was actually injured by petitioner's actions, in view of petitioner's repetitive misconduct which violated the Board's rules and endangered the safety of school children, we do not find that the penalty of dismissal was so disproportionate to the offenses as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233-237; *Matter of Ronkese v Board of Educ. of Highland Cent. School Dist.*, 82 AD2d 1011, *supra; see also, Matter of Tyson v Hess*, 66 NY2d 943; *cf., Matter of Comins v Camden Cent. School Dist.*, 214 AD2d 1032, *lv denied* 86 NY2d 708; *Matter of Smith v Board of Educ., Onteora Cent. School Dist.*, 221 AD2d 755, 758, *lv denied* 87 NY2d 810). Significantly, petitioner failed to modify his behavior after being directly warned by his supervisor just prior to the second charged incident, and the record supports the Hearing Officer's conclusion that petitioner had failed to learn from his recent disciplinary suspension without pay.

Petitioner's remaining contentions have been examined and found to lack merit.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.