In the Matter of DANIEL TRAHAN, Appellant, v JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [768 NYS2d 893]—

Appeal from a judgment (denominated order) of Supreme Court, Jefferson County (Gilbert, J.), entered October 28, 2002, which denied petitioner's motion for back wages and benefits.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of petitioner seeking back pay and benefits for the period of time following his 30-day suspension until the initial, annulled determination and for the period of time between the initial, annulled determination and the subsequent, valid determination and as modified the judgment is affirmed with costs to petitioner, and the matter is remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Petitioner was terminated from his employment following a hearing pursuant to Civil Service Law § 75 and commenced this CPLR article 78 proceeding seeking reinstatement. When this proceeding was before us previously, we annulled the determination based on a procedural violation, and we remitted the matter to respondent for a de novo determination "by a person who was not involved in the hearing" (*Matter of Trahan v Jefferson County Dept. of*

*Social Servs.*, 281 AD2d 984, 984 [2001], *lv denied* 97 NY2d 610 [2002]). Upon remittal, respondent again determined that termination was the appropriate remedy. Petitioner thereafter moved in Supreme Court for back pay and benefits but did not challenge the propriety of the termination itself. We agree with petitioner that he is entitled to back pay and benefits for the period of time following his 30-day suspension until the initial, annulled determination (*see* Civil Service Law § 75 [3]; *see also Matter of Amkraut v Hults*, 21 AD2d 260, 262-263 [1964], *affd* 15 NY2d 627 [1964]) and for the period of time between the initial, annulled determination and the subsequent, valid determination, "less any compensation derived from other employment during [those periods] and any unemployment insurance benefits received for [those periods]" (*Matter of Sinicropi v Bennett*, 60 NY2d 918, 920 [1983]; *see Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 274 AD2d 732, 734 [2000]). We therefore modify the judgment by granting that part of petitioner's motion seeking back pay and benefits for those two periods of time, and we remit this matter to Supreme Court, Jefferson County, to determine the amount of back pay and the benefits to which petitioner is entitled, in accordance with our decision herein, and to conduct an evidentiary hearing, if needed. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.