In the Matter of DONNA BOTTARI, Respondent, v SARATOGA SPRINGS CITY SCHOOL DISTRICT et al., Appellants. [771 NYS2d 261]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered July 3, 2003 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education of the Saratoga Springs City School District terminating petitioner's employment.

In May 2002, petitioner, a school bus driver employed by respondent Saratoga Springs City School District, was reported by another driver, Brian Winne, for driving her own bus erratically. A few days later, petitioner confronted Winne and verbally berated him. Petitioner also told another coworker that she was going to "get a hit out on [Winne]" because he filed the report against her. Based on these alleged incidents, four disciplinary charges were filed against petitioner pursuant to Civil Service Law § 75. Upon completion of a hearing, the Hearing Officer sustained three of the charges, namely, that petitioner had erratically operated a school bus, had used threatening and obscene language against Winne and had threatened to "get a

hit man to take Winne out." The Hearing Officer recommended that petitioner's employment be terminated. Respondent Board of Education of the Saratoga Springs City School District adopted the findings of fact and the recommended penalty. As a result, petitioner commenced this CPLR article 78 proceeding contending that her termination was procedurally flawed and the penalty imposed excessive. Supreme Court determined that minor flaws in procedure did not vitiate the proceeding, however, considering petitioner's employment record, terminating her employment was a harsh and excessive punishment. Consequently, Supreme Court annulled the penalty and directed respondents to impose a different penalty.

Respondents' contention on appeal is that Supreme Court improperly set aside petitioner's termination because, in doing so, it erroneously substituted its own judgment for that of the Board. "When determining the appropriateness of a penalty, a court must consider whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offense as to shock one's sense of fairness" (*Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist.*, 235 AD2d 912, 914 [1997] [citation omitted]; *see Matter of Massaria v Betschen*, 290 AD2d 602, 605 [2002]; *Matter of Heslop v Board of Educ., Newfield Cent. School Dist.*, 191 AD2d 875, 878 [1993]).

Here, while it is true that petitioner was employed by the District for 13 years as a bus driver and instructor without any prior incidents of misconduct reported in her record, we cannot say that the penalty of termination is so shocking to our sense of fairness that it must be set aside. Notably, the Board premised its termination decision upon, inter alia, petitioner's poor judgment and lack of remorse, the disturbing nature of her comments, various safety issues and the District's strict policy concerns regarding threats of violence. Even assuming that a lesser penalty may have been more appropriate, it is not proper to substitute our judgment for that of the Board. Therefore, inasmuch as we do not find the penalty of termination to be shocking or disproportionate under the circumstances (*see Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 274 AD2d 732, 734 [2000]; *Matter of D'Aurizio v Greece Cent. School Dist.*, 229 AD2d 987 [1996]; *Matter of Brigandi v Board of Educ., Deer Park Union Free School Dist.*, 119 AD2d 573, 574 [1986]), we conclude that the petition should have been dismissed.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.