■ In the Matter of KENNETH M. ROUNDS, Petitioner, v TOWN OF VESTAL, Respondent. [790 NYS2d 561]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of a Hearing Officer which dismissed petitioner from his position as respondent's Chief of Police.

In this CPLR article 78 proceeding, petitioner seeks annulment of a Hearing Officer's determination finding him guilty of certain disciplinary charges, dismissal of all charges or, in the alternative, modification of the penalty. Respondent initially served petitioner, the Chief of Police of the Town of Vestal Police Department, with a statement of disciplinary charges pursuant to Civil Service Law § 75 in April 2003. The charges included allegations that petitioner failed to supervise members of the Department in a fair and proper manner, deliberately acted to thwart the goals and policies of the Town Board, directed a sergeant to advise patrol officers that their handguns

could be withdrawn from use unless they voted for a change in the leadership of the Patrolmen's Benevolent Association and failed to issue newly-purchased rifles to patrol officers, thereby subjecting them and the public to an undue risk of tragic consequences. On April 30, 2003, after petitioner commenced a CPLR article 78 proceeding compelling respondent to proceed under Town Law § 155, respondent served petitioner with a statement of "alternative or supplementary" charges pursuant to Town Law § 155, the substance of which was substantially the same as the previously served statement of charges. Petitioner then commenced a second CPLR article 78 proceeding, seeking dismissal of the Town Law § 155 charges for failure to comply with the applicable statute of limitations.

Supreme Court resolved both CPLR article 78 proceedings in a single decision dismissing the Civil Service Law § 75 charges and directing respondent to abide by Town Law § 155 and applicable case law if it intended to continue or recommence disciplinary proceedings, or reissue any disciplinary charges against petitioner. Thereafter, respondent passed a resolution "reconfirm[ing] and reauthoriz[ing]" the Town Law § 155 charges. A Hearing Officer ultimately found petitioner guilty of five of the charges and 30 specifications of misconduct, dismissed two charges and 43 specifications, and imposed a penalty of termination, whereupon petitioner commenced this proceeding.

Initially, we reject petitioner's argument that Supreme Court's decision dismissing all disciplinary proceedings initiated pursuant to Civil Service Law § 75 should be construed as a dismissal of both the first set of charges and the separately issued second set of charges, as well. Petitioner asserts that the second set of charges was commenced under both the Town Law and the Civil Service Law because the charges were deemed "alternative or supplementary" to the Civil Service Law § 75 charges and, thus, constituted an impermissible "hybrid" proceeding under both statutes. As petitioner concedes, however, the caption of the second set of charges indicates that the charges were commenced solely pursuant to Town Law § 155. Further, both the charges and the Town Board's resolution authorizing them indicate that they were commenced in response to petitioner's assertion that the appropriate procedure for disciplinary action is contained in Town Law § 155 instead of the Civil Service Law. Contrary to petitioner's argument, the Town Board's July 7, 2003 resolution reauthorizing and reconfirming the Town Law § 155 charges and stating its intent to proceed solely and exclusively under the Town Law is not ev-

idence that respondent initially intended that the second set of charges be authorized pursuant to both the Town Law and the Civil Service Law. This argument is contradicted by the language of the resolution itself, which reaffirms that the second set of charges was commenced solely pursuant to Town Law § 155. Inasmuch as the second set of charges was issued to provide an alternative basis for disciplinary action pursuant to the Town Law in the event that petitioner prevailed on his challenges to the initial Civil Service Law charges, we agree with respondent that the second set of charges is properly interpreted as authorizing a separate Town Law § 155 proceeding and, thus, the charges were not dismissed by the prior Supreme Court order.

We further reject petitioner's argument that the second set of charges was not timely. Petitioner maintains that the second set of charges did not become effective until respondent halted its effort of proceeding with any charges pursuant to Civil Service Law § 75 on July 7, 2003, when it reauthorized and reconfirmed the second set of charges. Again, petitioner's argument is based on the erroneous premise that the second set of charges was commenced under both the Civil Service Law and the Town Law. As petitioner concedes, the July 7, 2003 resolution did not authorize service of a new set of disciplinary charges or the commencement of a new proceeding. It merely reaffirmed respondent's stated intention of pursuing disciplinary charges under the Town Law and, thus, it cannot be said that the July 2003 resolution purported to issue charges beyond the 60-day statute of limitations set forth in Town Law § 155.

Also lacking in merit is petitioner's alternative argument that even if the Town Law charges were commenced on April 30, 2003, they were untimely because the facts upon which the charges were based were known to respondent by February 5, 2003, when it placed him on administrative leave. Town Law § 155 provides, in relevant part, that "charges shall not be brought more than [60] days after the time when the facts upon which such charges are based are known to the town board." Here, although respondent was aware of rumors and complaints about petitioner prior to placing him on administrative leave, it was not aware that those allegations might be grounded in fact until receiving the results of an independent investigation on April 7, 2003. We note that there was no evidence of excessive delay or an attempt by respondent to extend the statute of limitations by conducting the investigation. Because the charges were brought within approximately three weeks of respondent acquiring knowledge of the factual basis underlying the charges, the disciplinary proceeding was timely commenced.

Turning to the merits, we conclude that the Hearing Officer's findings provide a sufficient basis for judicial review and that the determination, with one exception, is supported by substantial evidence (*see Matter of Massaria v Betschen*, 290 AD2d 602, 603-604 [2002]; *Matter of Ernst v Saratoga County*, 251 AD2d 866, 867-868 [1998]). For each charge and specification sustained, except a portion of specification 2 (a), the Hearing Officer set forth evidentiary grounds sufficient to uphold the decision and adequately explained how the evidence related to each charge, describing the testimony from police officers and other witnesses and explaining why he accepted that testimony over petitioner's explanations (*cf. Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914 [1977]). Such credibility questions are within the Hearing Officer's sole province and the credited testimony provides substantial evidence for the majority of the determination (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Massaria v Betschen, supra* at 604).

Nor can we agree that the Hearing Officer found petitioner guilty of misconduct outside the scope of the charges or that any of the charges were impermissibly vague. As petitioner asserts, " 'due process precludes the deprivation of a person's substantial rights in an administrative proceeding because of uncharged misconduct . . . and it necessarily follows, therefore, that a respondent in such a proceeding is entitled to fair notice of the charges against him or her so that he or she may prepare and present an adequate defense and thereby have an opportunity to be heard' " (*Matter of Mangini v Christopher*, 290 AD2d 740, 743 [2002], quoting *Matter of Block v Ambach*, 73 NY2d 323, 332 [1989]). Any misconduct charged, however, " 'need only be reasonably specific, in light of all the relevant circumstances' " to apprise the party of the charges and enable him or her to adequately prepare a defense (*Matter of Mangini v Christopher, supra* at 743, quoting *Matter of Block v Ambach, supra* at 333; *see Matter of Fitzgerald v Libous*, 44 NY2d 660, 661 [1978]). Here, all of the charges, including charge nine—which expressly incorporates the facts of charges one through eight and sets forth the relevant portions of the Officers' Handbook alleged to have been violated—were sufficiently detailed to enable petitioner to prepare an adequate and, indeed, extensive defense (*see Matter of Mangini v Christopher, supra* at 744). Moreover, a review of the Hearing Officer's decision reveals that any references made to uncharged conduct were necessary to refute petitioner's attempts to explain his behavior, with one exception, as noted above—petitioner is correct that the Hearing Officer improperly found him guilty of that portion

of specification 2 (a) that incorporated by reference specification 1 (h), a charge that the Hearing Officer dismissed.

Finally, since the penalty imposed was not separately assessed as to each of the charges and specifications, we must remit this matter for a redetermination of the penalty (*see Matter of Wojewodzic v O'Neill*, 295 AD2d 670, 672 [2002]). We have considered petitioner's remaining arguments and conclude that they are without merit.

Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of misconduct in specification 2 (a) of charge 2 and as imposed a penalty; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.