■ In the Matter of CHARLES MEGYESI et al., Petitioners, v COUNTY OF RENSSELAER et al., Respondents. [811 NYS2d 813]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondents which found petitioners guilty of misconduct and suspended their employment without pay.

Petitioner Pellegrino DiCianni (hereinafter petitioner), a maintenance worker at respondent Hudson Valley Community College, was issued disciplinary charges for allegedly sleeping on the job.* Following a hearing, DiCianni was found guilty of failing to perform assigned job functions during assigned work hours. As a consequence, he was suspended for 15 days without pay. Petitioner commenced this CPLR article 78 proceeding challenging the determination and the penalty imposed.

The record evidence established that petitioner was entitled to take a rest period from 2:00 A.M. until 2:15 A.M. on the day in question. Although there was a procedure in place by which petitioner could have sought approval to have the time of his rest period changed, he made no such request in this instance. In addition, contrary to petitioner's assertion, because he had not traveled back to the physical plant for his break, he did not qualify to have the length of the rest period extended beyond 15 minutes. Against that backdrop, hearing testimony from the executive manager of the physical plant constituted substantial evidence that, at various points between 2:15 A.M. and approximately 2:30 A.M., when he should have been on duty, petitioner was observed to be sleeping in a darkened room (*see Matter of Smith v Board of Educ. of City School Dist. of City of Kingston,* 125 AD2d 813 [1986]). To the extent that petitioner offered testimony contradictory to that given by the executive manager, we note that the resolution of credibility issues rests within the province of the hearing officer (*see Matter of Brown v Saranac Lake Cent. School Dist.,* 273 AD2d 785, 786 [2000]).

Finally, despite petitioner's 33-year unblemished record, we cannot say that the penalty of a 15-day suspension for sleeping on the job is so shocking to our sense of fairness that it must be set aside. Nor is modification warranted by the fact that others may have received lesser penalties for the same misconduct (*see Matter of Goldsmith v DeBuono,* 245 AD2d 627, 632 [1997]; *Matter of Verrigni v New York State Educ. Dept.,* 92 AD2d 661,

* Just prior to oral argument of this matter, counsel for petitioner Charles Megyesi withdrew his application for review.

662 [1983]). Rather than substitute our judgment for that of respondents, we are constrained to consider only "whether the impact of the penalty on the individual is so severe that it is disproportionate to the misconduct, or to the harm to the agency or the public in general" (*Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001]. Viewed in this way, petitioner's suspension is not so disproportionate as to be excessive (*see Matter of Peters v County of Rensselaer,* 28 AD3d 854 [decided herewith] [2006]; *Matter of Bottari v Saratoga Springs City School Dist.,* 3 AD3d 832, 833 [2004]; *cf. Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist.,* 235 AD2d 912, 914 [1997]).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.