■ In the Matter of CHARLES PETERS, Petitioner, v COUNTY OF RENSSELAER et al., Respondents. [811 NYS2d 811]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Hudson Valley Community College which found petitioner guilty of misconduct and suspended his employment without pay.

While working the overnight shift as maintenance workers for respondent Hudson Valley Community College (hereinafter HVCC), petitioner and a coworker were observed by their supervisor, Joseph Leffler, as they sat in a truck on campus. According to Leffler, he watched the pair for roughly one-half hour as the coworker slept and petitioner read a newspaper, smoked a cigarette and then sat motionless, on the verge of sleep himself. As a result of Leffler's observations, petitioner was charged with dereliction of duty (*see* Civil Service Law § 75) and, after a hearing, HVCC ultimately sustained the charge and imposed a 15-day unpaid suspension. Petitioner thereafter commenced the instant CPLR article 78 proceeding challenging HVCC's determination and the penalty imposed.

Our review of the record leads us to the conclusion that the decision is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Lahey v Kelly,* 71 NY2d 135, 140 [1987]; *Matter of Rogers v Sherburne-Earlville Cent. School Dist.,* 17 AD3d 823, 824 [2005]; *Matter of Wilburn v McMahon,* 296 AD2d 805, 806 [2002]). Leffler's eyewitness account provided a sufficient basis for the finding of misconduct and, mindful that credibility determinations are the exclusive province of the administrative hearing officer (*see Matter of Rounds v Town of Vestal,* 15 AD3d 819, 822 [2005]), we decline to disturb the determination even though petitioner presented an alternative explanation for the course of events (*see Matter of Rogers v Sherburne-Earlville Cent. School Dist., supra* at 824).

Nor do we find the 15-day unpaid suspension imposed to be " 'so disproportionate to the offense as to be shocking to one's sense of fairness' " (*Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *accord Matter of Correll v Bucci,* 19 AD3d 919, 921 [2005]). Notably, the penalty imposed is half as lengthy as that sought by HVCC. Under the particular facts presented herein, we cannot say that the penalty imposed was grossly disproportionate to the offense.

Mercure, Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.