■ In the Matter of MICHAEL THIBODEAU, Appellant, v NORTHEASTERN CLINTON CENTRAL SCHOOL BOARD OF EDUCATION et al., Respondents. [833 NYS2d 294]—

Peters, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered January 6, 2006 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Northeastern Clinton Central School Board of Education terminating petitioner from his employment as a school bus driver.

Petitioner, employed as a bus driver by respondent Northeastern Clinton Central School District, transported a sixth-grade girl to her school each day as part of his daily bus route. It was alleged that in October 2004, petitioner snapped the child's bra strap while she was on the bus. It was further alleged that petitioner grabbed such student in a headlock, ruffling her hair with his fist, giving her a "noogie." After the child reported the incident to her mother, who thereafter reported it to the school principal, it was alleged that petitioner took the child off the bus to intimidate and urge her to "straighten [it] out" with the principal.

---

Pursuant to Civil Service Law § 75, the District charged petitioner with misconduct, incompetence and insubordination as a result of these incidents. After a hearing, the Hearing Officer made numerous findings of fact supporting the allegations, yet concluded that the District had met its burden of proof solely with regard to the charge of misconduct and incompetence based upon petitioner's placing of the child in a headlock, ruffling her hair and giving her a "noogie." It recommended that his employment be terminated.

Respondent Northeastern Clinton Central School Board of Education adopted the findings of fact, as well as the finding of misconduct, but rejected the Hearing Officer's conclusion that the burden of proof had not been met with respect to the charge alleging that petitioner pulled the child's bra strap or that he engaged in intimidation and retaliation. It, therefore, passed a resolution recommending that petitioner's employment be terminated. Pursuant to CPLR article 78, petitioner commenced this proceeding to annul that determination. Supreme Court modified the determination and petitioner appealed.

Since the agency determination under review was the result of a hearing that was required by law, the appropriate standard of review is whether the determination was supported by substantial evidence (see Matter of Sutherland v Glennon, 221 AD2d 893, 894 [1995]; Matter of Rowley v Board of Educ. of Gloversville Enlarged City School Dist., 192 AD2d 814, 815 [1993]; Matter of Bevacqua v Sobol, 176 AD2d 1, 3 [1992]). As such, Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g) (see Matter of Encarnacion v Goord, 8 AD3d 843, 844 [2004], lv denied 3 NY3d 607 [2004]; Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., 273 AD2d 240, 241 [2000]; see also Matter of Brown v Saranac Lake Cent. School Dist., 273 AD2d 785, 785 [2000]). Nevertheless, as the matter is presently before us, we will treat the proceeding as if it had been properly transferred and decide it de novo (see Matter of Berrian v Goord, 288 AD2d 670, 670-671 [2001]; Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., supra at 241).

Petitioner contends that the Board's determination was not supported by the requisite modicum of evidence and that the penalty of dismissal was disproportionate to the offense charged. We disagree. As the findings of fact made by the Hearing Officer were fully supported by record evidence and the Board adopted those findings in their entirety, substantial evidence supports the Board's rejection of the Hearing Officer's conclusion that the District had not met its burden of proof regarding the

charges of misconduct and incompetence predicated upon petitioner's snapping of the child's bra strap and his request to such student to "straighten out" the situation with the school principal. Testimony elicited from the child who described the events in detail, her mother who memorialized her conversation with the child, and the District's director of guidance who met with the child was sufficient to support the determination rendered (*see Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 274 AD2d 732, 734 [2000]; *Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, 798-799 [1998], *lv denied* 92 NY2d 810 [1998]).

Nor are we persuaded that the penalty was so severe and disproportionate as to shock one's sense of fairness. Petitioner admitted that he was prohibited from having physical contact with the children. Evidence established such contact and his intimidation of the child who reported it (*see Matter of Malloch v Ballston Spa Cent. School Dist.*, *supra* at 800; *Matter of Rowley v Board of Educ. of Gloversville Enlarged City School Dist.*, *supra*, at 816).

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.