■ In the Matter of JEFFERY R. CLARKE, Petitioner, v LARRY J. CLEVELAND, as Sheriff of Warren County, Respondent. [861 NYS2d 519]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review a determination of respondent which terminated petitioner's employment as a deputy sheriff.

Petitioner had joined other officers in the pursuit of a vehicle that was speeding through the Village of Lake George, Warren County, at a rate of approximately 100 miles per hour when the brakes on his police vehicle failed, causing the vehicle to strike a stone retaining wall. As the pursuit continued up to the top of a hilly dead-end road, petitioner realized that his vehicle was damaged and was unable to ascend the hill so he parked his vehicle at the bottom of the road, blocking the right lane. He attempted to retrieve a set of "stop sticks" from the trunk, but was unable to do so from inside the vehicle. Petitioner then exited his vehicle and realized that the speeding vehicle was descending the hill in his direction. Petitioner then drew his firearm and began to shoot at the vehicle's tires in order to stop it. The vehicle drove past petitioner, but then suddenly applied its brakes and drove backwards towards petitioner. Petitioner then reloaded his firearm and pointed it at the driver of the vehicle, who abruptly drove down an embankment and fled the scene.

A few days later, at respondent's request, petitioner provided a written statement detailing the facts and circumstances surrounding the pursuit. Consequently, petitioner was suspended and given notice of the disciplinary proceeding that respondent had initiated against him. Petitioner was charged with eight disciplinary violations and, following a hearing held pursuant to Civil Service Law § 75, respondent withdrew three of the charges. Ultimately, the Hearing Officer found petitioner guilty of the five remaining charges, which included, among other things, the improper use of a firearm and the failure to immediately report an accident involving an agency vehicle. In accordance with the recommendation of the Hearing Officer, respondent terminated petitioner's employment. Petitioner commenced this proceeding, seeking to annul respondent's termination of his employment in its entirety or, alternatively, the imposition of a lesser penalty. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Petitioner initially contends that the findings of guilt were not supported by substantial evidence. We disagree. Our review is limited to whether the outcome of the administrative proceed-

ing "is supported by the type of evidence that a reasonable mind might accept as adequate to support the conclusion reached" (*Doolittle v McMahon*, 245 AD2d 736, 738 [1997]; *see Matter of Goldsmith v DeBuono*, 245 AD2d 627, 628 [1997]). In conducting this review, this Court may not substitute its own judgment for that of the agency, even when evidence exists that could support a different result (*see Matter of Calhoun v Kelly*, 13 AD3d 302, 303 [2004]; *Matter of Ernst v Saratoga County*, 251 AD2d 866, 867 [1998]).

Here, petitioner testified that the vehicle was accelerating towards him as it descended the hill, but, as petitioner drew his weapon and took aim at the driver's head, the vehicle suddenly swerved away from petitioner. The evidence shows that, although the vehicle had passed petitioner and no longer posed an imminent threat to his safety, petitioner attempted to stop the vehicle by firing approximately 14 rounds at its tires. Thereafter, the vehicle drove in reverse towards petitioner, who reloaded his firearm and aimed it at the driver's head until the vehicle proceeded down an embankment on the side of the road. Although petitioner claimed that his actions were justified and in full compliance with the departmental regulation that prohibits the discharge of a firearm at a moving vehicle unless the occupant of the vehicle was asserting deadly physical force, the Hearing Officer found that, under these circumstances, petitioner exercised poor judgment and demonstrated "a disregard for the life and safety of others." The Hearing Officer also found that petitioner failed to immediately report the vehicular accident that occurred during the chase and negligently continued to operate his damaged vehicle. Petitioner testified that, although he was aware that his vehicle had been damaged and that department regulations required him to report the accident and discontinue operating the vehicle, he felt that it was more important to continue pursuing the speeding vehicle. Based on the foregoing, we find that substantial evidence supports the Hearing Officer's findings.

Finally, petitioner claims that the termination of his employment was excessive. Where, as here, the penalty rendered "involves a matter of internal discipline within a law enforcement organization, it is entitled to deference" (*Matter of Wilburn v McMahon*, 296 AD2d 805, 807 [2002]; *see Matter of McKinney v Bennett*, 31 AD3d 860, 862 [2006]). Given the circumstances presented here and considering the seriousness of petitioner's misconduct, we do not find that the penalty of dismissal was so disproportionate to the offenses as to shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38

[2001]; *Matter of Eck v County of Delaware*, 36 AD3d 1180, 1183 [2007]; *Matter of Correll v Bucci*, 19 AD3d 919, 921 [2005]).

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.