■ In the Matter of JASON W. LONGTON JR., Petitioner, v VILLAGE OF CORINTH et al., Respondents, et al., Respondents. [869 NYS2d 682]—

Lahtinen, J.

Petitioner began working in 2003 as a police officer for the Village of Corinth, Saratoga County. In 2004, he was suspended and charged pursuant to Civil Service Law § 75 with violating various department rules. The most serious charge involved alleged misconduct and insubordination when he continued to secretly investigate an individual after being given a direct order by respondent Chief of Police of the Village of Corinth not to do so. His employment was terminated following a hearing, but that determination was annulled and the matter remanded for a new hearing because respondents failed to make a proper stenographic transcript of the original hearing.* A second hearing resulted in the Hearing Officer recommending termination, which respondent Village of Corinth Board of Trustees adopted. This proceeding ensued.

The standard of review of a determination made following a hearing pursuant to Civil Service Law § 75 is whether the determination is supported by substantial evidence (*see Matter of Thibodeau v Northeastern Clinton Cent. School Bd. of Educ.*, 39 AD3d 940, 941 [2007]; *Matter of Eck v County of Delaware*, 36 AD3d 1180, 1183 [2007]). Where, as here, conflicting versions are presented, "credibility questions are within the Hearing Officer's sole province" (*Matter of Rounds v Town of Vestal*, 15 AD3d 819, 822 [2005]; *see Matter of Secreto v County of Ulster*, 228 AD2d 932, 934 [1996]). "[T]his Court may not substitute its own judgment for that of the [Board], even when evidence exists that could support a different result" (*Matter of Clarke v Cleveland*, 53 AD3d 894, 896 [2008]).

During a traffic stop in August 2004, petitioner had a quarrel with a local restaurateur, Trevor Downie, whose complaints about petitioner's conduct during the stop were passed on to the Chief of Police. Shortly thereafter, a heated exchanged occurred when petitioner confronted Downie at his restaurant,

---

* A dispute between the parties regarding petitioner's pay while suspended previously reached this Court (*Matter of Longton v Village of Corinth*, 49 AD3d 995 [2008]).

resulting in Downie threatening litigation against respondent Village of Corinth. Later in August 2004, petitioner reportedly learned that his paramour's 15-year-old daughter, who worked at Downie's restaurant, had been touched on her shoulder and low back by Downie. According to testimony by the Chief of Police, when petitioner arrived at work on the day that Downie's alleged conduct toward the daughter of petitioner's paramour had been reported, he was calling Downie a "child molester," "pedophile" and "pervert," and stating that he intended to go to the restaurant and arrest Downie.

The Chief of Police testified that he did not believe there was yet sufficient evidence for an arrest and he felt that such an arrest at that time would expose the Village to a lawsuit by Downie. He further believed that petitioner had demonstrated that he lacked impartiality as to any investigation of Downie. The Chief of Police thus ordered petitioner to stop any investigation or contact with Downie, and informed him that another officer would be assigned to the case. Later the same day that the order by the Chief of Police had been given, petitioner went to the residence of another female employee of Downie and, although she did not want to get involved, he obtained a statement from her regarding alleged improper touching by Downie. Rather than file the statement at the police station, he kept it in his personal possession, and he also did not report his activities in the police blotter. The female employee soon requested that the statement be returned and destroyed. There is sufficient proof to establish substantial evidence of insubordination (*see Matter of Eck v County of Delaware*, 36 AD3d at 1183).

Petitioner's contention that he reasonably believed the Chief of Police's order was unlawful rests upon credibility determinations that the Hearing Officer resolved against him. His assertion that the subsequent investigation of Downie was lackluster, even if true, does not provide an after-the-fact justification for his insubordination. Nor does the fact that, eventually, significant proof surfaced that Downie (who is now deceased) had been improperly touching female employees.

Petitioner contends that the penalty was excessive. The penalty will not be disturbed unless it is "so disproportionate as to be shocking to one's sense of fairness" (*Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 274 AD2d 732, 734 [2000]; *see Matter of Bottari v Saratoga Springs City School Dist.*, 3 AD3d 832, 833 [2004]). Petitioner, an employee of short duration, disobeyed a direct order almost immediately after it was given in a matter in which he had a considerable emotional involvement. In doing so, he displayed conduct clearly at odds

with the strict discipline necessary to effectively operate a police department (*see Matter of Coyle v Rozzi*, 199 AD2d 391, 392 [1993]). While a lesser penalty would have been appropriate, we are unpersuaded that the penalty imposed was shocking under the circumstances.

Petitioner's argument that he was denied a fair hearing because the same Hearing Officer was used after reversal and remand as presided at the initial hearing was not preserved by an objection at the time of the second hearing (*see Matter of Rice v Belfiore*, 15 Misc 3d 1105[A], 2007 NY Slip Op 50511[U], *5 [2007]). In any event, the record fails to establish merit to this argument (*see Matter of Compasso v Sheriff of Sullivan County*, 29 AD3d 1064, 1064-1065 [2006]).

Cardona, P.J., Carpinello, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.