Garry, J.
Appeal from a judgment of the Supreme Court (Demarest, J.), entered December 21, 2011 in St. Lawrence County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner’s employment.
Petitioner was employed by the Edwards-Knox Central School District as a bus driver until 2006, when she was promoted to the position of senior bus driver, a post that entailed supervisory and record-keeping responsibilities. In 2010, respondent eliminated the senior bus driver position, and petitioner returned to her previous duties as a bus driver. Shortly thereafter, respondent discovered that petitioner had neglected to complete certain required records during the 2009-2010 school year. After an investigation, respondent charged petitioner with nine counts of incompetence and misconduct alleging, among other things, that she had failed to properly complete and maintain records required by several state agencies, provided bus drivers with advance notice of purportedly random drug and alcohol testing and sent a disparaging email about the school district to transportation supervisors in other school districts. Following a hearing pursuant to Civil Service Law article 75, a Hearing Officer found petitioner guilty of seven charges and recommended that she be discharged. Respondent adopted the Hearing Officer’s findings and dismissed petitioner, who subsequently commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition. Petitioner appeals, and we affirm.
Petitioner’s primary contention is that the penalty of termination is excessive.* In evaluating this claim, this Court “ ‘must consider whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offense[s] as to *1207 shock one’s sense of fairness’ ” (Matter of Bottari v Saratoga Springs City School Dist., 3 AD3d 832, 833 [2004], quoting Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist., 235 AD2d 912, 914 [1997]). Initially, we note that the record plainly establishes that petitioner’s return to the position of bus driver after serving as senior bus driver was not a “demotion,” but, rather, occurred as specified in the memorandum of understanding by which the position of senior bus driver had been created. The elimination of that position was not a disciplinary consequence of petitioner’s misconduct. After the senior bus driver position was eliminated, petitioner sent the disparaging email because she was “upset” about losing the post. Most of the remaining charged conduct had occurred prior to the elimination of the position, but respondent neither learned about it nor took disciplinary action until after petitioner had left the position.
We are unpersuaded by petitioner’s argument that, in light of her unblemished disciplinary record as a bus driver, she should not be terminated for her offenses involving supervisory and administrative responsibilities, as these are not part of her work as a bus driver. Petitioner’s actions were of such a nature as to present relevant concerns about her conscientiousness, judgment and professionalism. As Supreme Court noted, the charges here did not arise from a single issue or act, nor were the shortcomings limited to matters that did not impact student safety. Among other things, petitioner acknowledged that she failed to alert anyone when, just before leaving the senior bus driver position in late August 2010, she discovered that she had “forgot[ten],” for a period of almost a full year, to maintain certain required certifications for the school district’s bus drivers. Instead, she wrote a note to her successor, put it in a drawer with the unfinished paperwork and left for a vacation. This failure—not discovered until just before school was scheduled to reopen in September 2010—necessitated last-minute testing and certification of the drivers on an emergency basis and nearly prevented the opening of school. The school district’s employees testified that this and petitioner’s other failures endangered the school district’s eligibility for state transportation aid and placed it at risk of fines and other legal and financial consequences. Most seriously, the safety of the school district’s students was jeopardized by petitioner’s warnings to drivers of the dates of random drug and alcohol tests. Thus, we find that petitioner’s termination was neither disproportionate to her conduct nor to the risk of harm it posed to the school district, and we will not disturb it (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Bottari v Saratoga Springs City School Dist., 3 AD3d *1208 at 833; Matter of Massaria v Betschen, 290 AD2d 602, 605 [2002]; Matter of Collins v Parishville-Hopkinton Cent. School Dist., 274 AD2d 732, 734 [2000]).
Nor is reversal required on the ground that affidavits from the school district’s superintendent and individual members of respondent were attached to the verified answer (see CPLR 7804 [e]). As petitioner argues, “judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination” (Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 678 [1997]; see Civil Service Law § 75 [2]). No violation of that requirement has been shown here. The affidavits of respondent’s members merely averred that the members had considered the administrative record and the Hearing Officer’s recommendation and supported petitioner’s termination. Supreme Court made no reference to these documents, and the court’s reference to the superintendent’s affidavit concerned facts that were fully set forth in the hearing testimony and exhibits, pertaining to the timing of the charges against petitioner and the contractual nature of her reassignment as a bus driver. As there was nothing in any of the affidavits that might have provided new reasons for petitioner’s termination or otherwise attempted to correct deficiencies in the administrative record—which, as petitioner concedes, contains substantial evidence supporting the Hearing Officer’s determination—this claim is without merit (<compare Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d at 678; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758-759 [1991]).
Mercure, J.P, Rose and McCarthy, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 She concedes that substantial evidence supports the Hearing Officer’s findings as to her guilt.