■ NORTH COUNTRY ROCKY POINT, INC., Appellant, v LEWYT-PATCHOGUE COMPANY, Respondent. LEWYT-PATCHOGUE COMPANY, Respondent, v NORTH COUNTRY ROCKY POINT, INC., Also Known as NORTH COUNTRY ROCK CORP., Appellant. (Action No. 1.) NORTH COUNTRY ROCKY POINT, INC., Plaintiff, v LEWYT-PATCHOGUE COMPANY, Defendant and Third-Party Plaintiff-Appellant. DANIEL D. CANTOR, Third-Party Defendant-Respondent. (Action No. 2.) —Appeal by North Country Rocky Point, Inc., from a judgment of the Supreme Court, Suffolk County, entered December 10, 1976, which, after a nonjury trial, *inter alia,* (1) dismissed its complaint which sought, *inter alia,* to recover damages for breach of contract and (2) awarded possession of the premises in question to Lewyt-Patchogue Company, and appeal by the Lewyt-Patchogue Company from so much of a further judgment of the same court, dated December 21, 1976, as dismissed its third-party complaint against Daniel D. Cantor. Judgment entered December 10, 1976 affirmed, and judgment dated December 21, 1976 affirmed insofar as appealed from, without costs or disbursements. The alleged anticipatory breach by Lewyt-Patchogue Company was waived by North Country Rocky Point, Inc., when it chose to treat the contract as valid and subsisting (see *Strasbourger v Leerburger,* 233 NY 55, 59). There is no merit to Lewyt's contention that Cantor, though not a signatory of the lease, was personally liable thereon. Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.