■ LEWYT-PATCHOGUE Co., Appellant, v DANIEL D. CANTOR et al., Respondents, et al., Defendants. — In an action, *inter alia,* to recover damages for breach of a lease agreement, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered November 20, 1980; as granted the branch of the motion of defendants Daniel D. Cantor and North Country Rocky Point, Inc., which sought to dismiss plaintiff's first cause of action. Order reversed insofar as appealed from, with $50 costs and disbursements, and the said branch of the motion is denied. This appeal involves the second of two actions brought by plaintiff, as landlord, *inter alia,* to recover for damages incurred by the breach of a lease agreement by defendant North Country Rocky Point, Inc. (North Country). The lease in question ran from July 1, 1973 through June 30, 1978. Plaintiff's first action, a holdover summary proceeding, was instituted on February 21, 1975 to recover possession of the premises, unpaid rent for January and February, 1975 and back real estate taxes. By judgment entered December 10, 1976, Special Term determined that defendant North Country had breached the lease agreement by nonpayment of the rent. The assessment of damages was set down for a further hearing. That judgment was affirmed *(North Country Rocky Point v Lewyt-Patchogue Co.,* 60 AD2d 866). Subsequently, plaintiff initiated the present action on or about May 1, 1979. In the first cause of action plaintiff seeks, *inter alia,* damages for the months from March, 1975 to the cessation of the original lease term, June, 1978. The branch of respondents' motion which sought to dismiss that cause of action was granted by Special Term on the basis that the second action involved the identical issue of breach which had previously been determined in the first action, and therefore could not be relitigated. Special Term was correct that the issue of breach may not be relitigated. Special Term erred, however, in dismissing the first cause of action on that ground. Plaintiff does not wish to relitigate the issue, and is entitled to apply that determination in a separate cause of action. (See *Guarino v Mine*

*Safety Appliances Co.,* 31 AD2d 255.) That this second suit by plaintiff is a separate cause of action is clear from the lease agreement. The lease provides for survival of the tenant's liability after the lease's premature termination, and allows for periodic suits at the landlord's election. Splitting a cause of action does not occur when the parties have agreed in terms or effect that the plaintiff may split its claim. (See *Brown v Lockwood,* 76 AD2d 721; see, also, *Kennedy v City of New York,* 196 NY 19.) Respondents also contend that plaintiff is precluded on the basis of the doctrine of election of remedies. Respondents suggest that plaintiff, by suing for repossession and back rent in the first action, elected against suing for an aggregate sum for the balance of the lease term. Plaintiff's remedies under the lease are neither inconsistent nor exclusive. The lease provides that all remedies are cumulative and the exercise of one does not preclude the other. Moreover, plaintiff's second action is consistent with the lease's provision for survival of liability. Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.