■ In the Matter of ROGER POLLETT, Petitioner, v LAWRENCE L. MCGOURTY, as Commissioner of Public Safety of the City of Saratoga Springs, Respondents. — Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of respondent Commissioner of Public Safety of the City of Saratoga Springs which found petitioner guilty of misconduct and suspended him from duty for five days without compensation.

On May 30, 1983, an accident occurred at the residence of a City of Saratoga Springs police officer in which a young lady was injured to such an extent that the city's emergency corps was called to the scene. Petitioner, an off-duty police officer and a guest at said residence, was at the scene. Respondent Commissioner of Public Safety of the City of Saratoga Springs, by happenstance, came upon the scene and was interested in the nature and extent of the injuries of the victim and in her emergency care and treatment. Petitioner was acquainted with the Commissioner and knew him to be the Commissioner and in charge of the city's police and fire departments. Petitioner appeared to take charge at the scene and, after inquiring as to whether the Commissioner was a doctor, stated and repeated to the Commissioner in a loud voice "drag your ass out of here". The statement was made in the immediate presence and hearing of approximately 15 to 20 people, including four other police officers and one fire fighter.

Petitioner was charged with conduct unbecoming a police officer and a hearing was conducted. The hearing officer found that although petitioner's remarks were not prompted by any animosity toward the Commissioner, they were degrading, derogatory and unjustified and constituted misconduct. The hearing officer recommended a reprimand and specifically stated that he did not recommend a fine or suspension. However, after his review of the hearing officer's report and recommendation, the Commissioner found petitioner guilty of misconduct and suspended him for five days without compensation.

In this proceeding, petitioner contends that because neither he nor the Commissioner was on duty at the time of the incident, and because the hearing officer found no animosity on his part, the charges should have been dismissed as a matter of law. In *Matter of Zazycki v City of Albany* (94 AD2d 925, 926, *lv denied* 60 NY2d 558), this court found that a fair reading of Civil Service Law § 75 "does not preclude the imposition of discipline on a civil service employee who is guilty of misconduct during off-duty hours". An employee has the obligation to honor the standards of behavior which an employer has the right to expect of him, even during off-duty hours (*Matter of Caryl [Morton Salt Div. of Morton Thiokol — Roberts]*, 96 AD2d 989, 990). The incident which led to the instant hearing is properly deemed work related even if it is assumed that both parties were off duty at the time. A rule of the city's police department states that "[m]embers shall conduct their private and professional lives in such manner as to avoid an adverse reflection upon themselves or the department". Another rule provides that members of the department: "shall not speak in a manner which may be perceived as downgrading nor use words or gestures which may be considered derogatory. Contacts with the public shall be conducted in a manner which will formulate a favorable attitude toward the department." It should also be noted that because of his positions as Commissioner and member of the legislative body of city government, the Commissioner is never off duty in a true sense. For all these reasons, we refuse to dismiss the charges.

However, we do find reversible error. In this instance, the Commissioner was the complainant, the chief witness in support of the charges and the final authority to determine their validity and impose disciplinary sanctions. In our view, it was improper for the Commissioner to have made the final decision under these circumstances (*Matter of Ortiz v Lesser*, 83 AD2d 663; *Matter of Sander v Owens*, 82 AD2d 968).

Consequently, we must annul the final decision as well as the imposition of the disciplinary sanction. The Commissioner must disqualify himself from any decision-making role in regard to these charges. Instead, an official who is authorized to perform the Commissioner's functions in his absence or inability to act must assume the responsibility of reviewing the evidence introduced at the hearing and the report of the hearing officer, and to make a decision de novo as to the charges of petitioner's misconduct and the imposition of sanctions, if warranted. Should said official decide that sanctions are to be imposed and should it be decided that petitioner's employment record should be reviewed

to assist in such determination, sufficient notice must be given to petitioner to permit him an opportunity to respond thereto.

Determination annulled, with costs, and matter remitted to the Department of Public Safety of the City of Saratoga Springs for further proceedings not inconsistent herewith. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.