■ In the Matter of MICHAEL PETRY, Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the Division of New

York State Police, Respondent. [621 NYS2d 131] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner from his employment with the State Police.

Petitioner, a State Trooper, was found guilty of violating a number of provisions of the State Police Rules and Regulations and dismissed from the Division of State Police as the result of events that occurred during the early morning hours of December 16, 1992. At that time, petitioner, Miguel Valle and William Aguirre, all off-duty State Troopers, were patrons at Sue's Rendezvous, a topless bar in the City of Mt. Vernon, Westchester County. An employee of the establishment reported to off-duty Detectives Michael LaRotanda and Mario Manganiello of the Mt. Vernon Police Department that one of the individuals in petitioner's group was carrying a concealed weapon. Not knowing that the three were police officers, LaRotanda and Manganiello called in uniformed officers, who then approached petitioner's group. According to the hearing testimony of Mt. Vernon Police Officer Matthew Lombardo, he identified himself to Valle as a police officer and requested that Valle accompany him outside the bar. A scuffle ensued and, while Lombardo straddled Valle's back in an effort to handcuff him, petitioner grabbed Lombardo by the arm and collar and pulled him off Valle. Manganiello and LaRotanda then intervened and all three Troopers were ultimately subdued and escorted outside the bar, where petitioner and Aguirre berated the Mt. Vernon police officers in foul and profane terms. The Troopers were then taken to the Mt. Vernon Police Headquarters, where they engaged in further aggressive and antagonistic behavior, including "headbutting", punching and wrestling with each other, and petitioner directed profane and abusive language at various personnel of the Mt. Vernon Police Department. Finally, the hearing evidence showed that petitioner made obscene gestures toward members of the Mt. Vernon Police Department and threatened them with future retribution when they used the highways.

In view of the foregoing hearing testimony, we are unpersuaded by the contention that there is not substantial evidence to support respondent's determination. To the contrary, the evidence amply supports the rational conclusion that petitioner engaged in misconduct sufficient "to bring discredit upon the Division [of State Police]" in violation of regulations

8.41 (a) (1) and (2) of the State Police Rules and Regulations *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443).

Petitioner's remaining contentions, including those directed to the hearing procedure and the severity of the penalty, have been considered and found lacking in merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.