■ In the Matter of DeMary Lopez, as Administrator of the Estate of Miguel A. Valle, Deceased, Petitioner, v Thomas A. Constantine, as Superintendent of the Division of New York State Police, Respondent. [639 NYS2d 158] —Mercure, J.

Miguel A. Valle (hereinafter decedent) was found guilty of violating a number of provisions of the State Police Rules and Regulations and dismissed from the Division of New York State Police as the result of events that occurred during the early morning hours of December 16, 1992. At that time, decedent, Michael Petry (*see, Matter of Petry v Constantine*, 210 AD2d 866) and William Aguirre, all off-duty State Troopers, were patrons at Sue's Rendezvous, a topless bar in the City of Mt. Vernon, Westchester County. An employee of the establishment reported to off-duty Detectives Michael LaRotanda and Mario Manganiello of the Mt. Vernon Police Department that one of the individuals in decedent's group was carrying a concealed weapon. Not knowing that the three were police officers, LaRotanda and Manganiello called in uniformed officers, who then approached decedent's group. According to the hearing testimony of Mt. Vernon Police Officer Matthew Lombardo, he identified himself to decedent as a police officer and requested that decedent accompany him outside the bar. A scuffle ensued,

during the course of which decedent struck Lombardo in the face. After a struggle, Lombardo handcuffed decedent and escorted him outside the bar. The Troopers were then taken to the Mt. Vernon Police Headquarters, where they engaged in further aggressive and antagonistic behavior, including "head-butting", punching and wrestling with each other. Mt. Vernon Police Officer Dante Barrera testified that decedent thereafter physically resisted the attempts of several Mt. Vernon Police Officers to separate the three Troopers, causing injury to one of the Mt. Vernon Police Officers in the process. Testimony also demonstrated that decedent directed offensive gestures toward a female Police Sergeant while he was incarcerated at the Mt. Vernon Police Headquarters.

In view of the foregoing hearing testimony, we are unpersuaded by the contention that there is not substantial evidence to support respondent's determination. To the contrary, the evidence amply supports the rational conclusion that decedent engaged in misconduct sufficient "to bring discredit upon the Division [of State Police]" in violation of regulation 8.41 (a) (1) and (2) of the State Police Rules and Regulations and "knowingly or willfully violate[d] a[ ] law of * * * the State of New York" in violation of regulation 8.44 (see, Penal Law § 240.26; Matter of Berenhaus v Ward, 70 NY2d 436, 443). Petitioner's attempts to discredit Lombardo's testimony merely raise questions of credibility, a matter solely within the province of the administrative fact finder (see, Matter of Berenhaus v Ward, supra, at 443-444; Matter of Chua v Chassin, 215 AD2d 953, lv denied 86 NY2d 708; Matter of Heslop v Board of Educ., 191 AD2d 875, 878).

Petitioner's remaining contentions, including those directed to the hearing procedure and the severity of the penalty, have been considered and found lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.