■ In the Matter of STEPHANIE EDWARDS, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [723 NYS2d 355] —Determination of respondent Police Commissioner, dated April 12, 1999, which upon two findings that petitioner had been insubordinate, placed petitioner on probationary dismissal and imposed a forfeiture of 15 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Braun, J.], entered March 20, 2000), dismissed, without costs.

There was substantial evidence (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181) to support the specifications charging petitioner with two separate counts of insubordination. Petitioner's challenges to the credibility determinations of the Assistant Deputy Commissioner (ADC) are unavailing since, in an article 78 proceeding, the reviewing court may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or witness credibility for that of the administrative factfinder (*Matter of Schaefer v Safir*, 281 AD2d 163). In any case, the ADC was entirely justified in crediting the testimony of petitioner's superior officers and rejecting that of petitioner.

The penalty imposed does not shock our sense of fairness. Concur—Sullivan, P. J. Andrias, Ellerin, Rubin and Buckley, JJ.