■ In the Matter of HENRY PELAYO, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [733 NYS2d 174] —Determination of respondent Police Commissioner, dated November 16, 1999, which dismissed petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marcy Friedman, J.], entered August 7, 2000), dismissed, without costs.

Substantial evidence supports respondent's finding (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181) that petitioner knowingly gave false material testimony in felony court proceedings, and that he provided false information concerning the events underlying those proceedings in departmental recognition request forms. Petitioner's challenges to the credibility determinations of the Assistant Deputy Commissioner are unavailing since, in an article 78 proceeding, the reviewing court may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or witness credibility for that of the administrative fact-finder (*Matter of Edwards v Safir*, 282 AD2d 287). The penalty imposed does not shock our sense of fairness or constitute an abuse of discretion as a matter of law (*see, Matter of Kelly v Safir*, 96 NY2d 32, 38). Concur—Sullivan, P. J., Nardelli, Tom, Saxe and Friedman, JJ.