■ In the Matter of ANTONIO VELASQUEZ, Petitioner, v BERNARD B. KERIK et al., Respondents. [742 NYS2d 277] —Determination of respondents, dated August 10, 2000, which dismissed petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered on or about March 19, 2001), dismissed, without costs.

There was substantial evidence to support the finding that petitioner, while off-duty, savagely beat a civilian, and it was within the province of the hearing officer to reject petitioner's claim of self-defense against his much smaller victim. The hearing officer's credibility findings are unassailable (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444), and it is not for this Court to weigh the evidence (*see, e.g., Matter of Pelayo v Safir*, 288 AD2d 133; *Matter of Edwards v Safir*, 282 AD2d 287). Notably, the findings against petitioner were not based on the testimony of the victim. The seamless narrative of petitioner's misconduct was sufficiently set forth, by several disinterested witnesses, without any gaps in the proof,

distinguishing the circumstances here from those in *Cotterel v City of New York* (258 AD2d 396). The penalty imposed does not shock our sense of fairness (*see, Matter of Kelly v Safir*, 96 NY2d 32, 39-40). Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.