■ In the Matter of CLINT L. TAYLOR, Petitioner, v NEW YORK STATE DIVISION OF STATE POLICE, Respondent. [813 NYS2d 572]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment as a State Trooper.

Petitioner, a State Trooper, was served with charges and spec-

ifications alleging that on six occasions between April 1999 and July 1999, he purchased subscriptions to Web sites containing child pornography in violation of a state police regulation prohibiting state troopers from knowingly and willingly violating any law of the state. At the conclusion of a hearing before a panel of three commissioned officers from respondent (hereinafter the Hearing Panel), petitioner was found to have violated Penal Law §§ 263.11 and 263.16. This determination was confirmed and petitioner was dismissed from his employment. This CPLR article 78 proceeding was thereafter transferred to this Court pursuant to CPLR 7804 (g).

Our role is limited to determining whether the administrative decision is supported by substantial evidence (*see Matter of Charles Q. v Constantine,* 85 NY2d 571, 575 [1995]; *Matter of Mieles v Safir,* 272 AD2d 199, 199 [2000]; *Matter of Lopez v Constantine,* 225 AD2d 899, 900 [1996]); issues of credibility are rightfully reserved for the factfinder (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444 [1987]; *Matter of Lopez v Constantine, supra* at 899). Focusing primarily on testimony of Michael Mead, a federal postal inspector, and Joseph Donohue, a State Police investigator, Mead testified that if a customer were to visit one of the child pornography Web sites under review and click on the "join" or "member" button, the customer would be directed to Landslide Production—the Internet Web site broker who made these Web sites available to paying customers. The customer would then be asked to provide personal and credit card information which included, among other things, a password name. A confirmation e-mail, assigning a log-in identification, would then be sent to the customer. Mead's investigation revealed that Landslide's customer database showed that petitioner purchased subscriptions to numerous child pornography sites between April and July 1999 from Landslide; petitioner's credit card records confirmed at least six purchases during this time, with one subscription being renewed during the relevant period.

Donohue described the extensive forensic search employed and stated that he found only three pictures on one of petitioner's computers in a temporary Internet file. He described these as erotica or nature photos, not child pornography, although they depicted young naked girls; they were not admitted into evidence. Donohue further testified that although a computer will automatically store pictures in a temporary Internet file when an individual visits these Web sites, the files can be deleted by a user or be overwritten by other files.

Evidence also revealed that the passwords selected for each

child pornography Web site were terms specific to ducks or other birds, which had meaning to petitioner since he owned a bird decoy business. Notably, one of the passwords was also petitioner's password to the State Police computer. Despite this evidence, petitioner denied that he purchased subscriptions to the Web sites. Based upon the credit card receipts evidencing his purchase of direct Web site access to these sites, the types of passwords utilized and the description of one of the three pictures found on the temporary files, the Hearing Panel found that petitioner possessed child pornography images in violation of the relevant sections of the Penal Law.

On appeal, petitioner alleges that substantial evidence does not exist to support the conclusion that he violated Penal Law §§ 263.11 and 263.16 since each of those provisions are premised either upon physical possession, dominion or control over tangible property—an obscene sexual performance by a child or possession of a sexual performance by a child. We disagree. The Hearing Panel's determination was grounded upon substantial evidence. "Substantial evidence has been defined as ' "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" ' " (*Matter of Berenhaus v Ward, supra* at 443, quoting *People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Here, it was demonstrated that petitioner paid for access to the Web sites which enabled him to exercise control over the images, including viewing, storing or deleting them. While petitioner correctly asserts that the Hearing Panel impermissibly relied upon a photograph which was not admitted into evidence and which indicated a use beyond the charged period, the relevant standard of proof was still met since the consideration of the photograph did not deprive petitioner of a fair hearing (*see Matter of Charles Q. v Constantine, supra* at 575). In so finding, we do not address whether the evidence presented would be sufficient to support a criminal conviction alleging a violation of the Penal Law (*see Gonzalez v Police Commr. of City of N.Y.,* 227 AD2d 287, 287 [1996]).

Cardona, P.J., Crew III and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.