■ In the Matter of THOMAS NYGARD, Petitioner, v COUNTY OF WARREN et al., Respondents. [913 NYS2d 389]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review a determination of respondent Warren County Sheriff which terminated petitioner's employment.

In January 2009, petitioner, a correction officer with respondent Warren County Sheriff's Office, called in sick for his 2:30

---

P.M. to 11:00 P.M. shift. Later that evening, he went to a local bar where he encountered a group of coworkers including two officers and a sergeant. The sergeant had been involved one day earlier in a canine sniff of the exterior of vehicles parked at the Warren County Correctional Facility, which had resulted in an alert for petitioner's vehicle and, upon his consented search, discovery of a small, unidentified leaf. Petitioner approached the sergeant at the bar, called him a derogatory name, described the canine search in similar terms and continued with disparaging remarks directed at the sergeant while moving physically very close until the sergeant walked away. During the course of that same evening, petitioner reportedly challenged one of the officers to a fist fight several times. He grabbed the officer on one occasion and told him that he liked to fight when he drank.

Shortly thereafter, petitioner was served with a notice of administrative inquiry and, on January 28, 2009, he attended the inquiry with a union representative. The lieutenant conducting the inquiry questioned petitioner regarding the canine search, his calling in sick, and whether he consumed alcohol at the bar the night of the incident. When the questioning turned to what had transpired with his coworkers at the bar, petitioner called an attorney and then refused to answer any further questions despite the lieutenant's warning that he could face discipline for such refusal.

The Sheriff's Office soon commenced a disciplinary proceeding against petitioner, which resulted in a hearing pursuant to Civil Service Law § 75 on seven charges of misconduct. The Hearing Officer recommended that four of the charges be sustained and, when those charges were considered together with another recent disciplinary matter involving petitioner, the Hearing Officer recommended that petitioner's employment be terminated. Respondent Nathan H. York, the Warren County Sheriff, modified the Hearing Officer's recommendations to the extent of finding that the record supported sustaining one additional charge (five total). Petitioner's employment was terminated and this proceeding ensued.

Petitioner initially argues that respondents violated his statutory rights by refusing his request, made part way through the administrative inquiry, to adjourn until he could have an attorney present, and that, as a result, all information gleaned at the inquiry should have been excluded from the subsequent disciplinary proceeding. Civil Service Law § 75 (2) establishes two levels of representation dependent on the stage of the proceedings. The first sentence of subdivision (2) provides that during questioning of an employee who "appears to be a

potential subject of disciplinary action," the employee has a right to have a union representative present. And, as stated near the middle of subdivision (2), the failure to afford this right results in exclusion at the disciplinary hearing of statements and evidence from the initial questioning (*see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 8 NY3d 226, 233-234 [2007]; *Matter of Ernst v Saratoga County*, 234 AD2d 764, 766-767 [1996]). However, when the matter moves to the second stage with filed disciplinary charges and a scheduled hearing, the latter part of subdivision (2) expands the right of representation to also include an attorney. In the current case, the administrative inquiry constituted stage one questioning and petitioner was accompanied to the inquiry by a union representative. This reflects compliance with the statutory requirement and the record reveals no violation of proper procedures.

Next, we are unpersuaded by petitioner's contention that his off-duty conduct was improperly considered as a basis for discipline. An employee may be disciplined for actions occurring while off-duty (*see Villanueva v Simpson*, 69 NY2d 1034, 1035 [1987]). Petitioner was required to comply with a Sheriff's Office regulation that pertained to off-duty conduct and, moreover, his conduct of berating a superior officer in public and attempting to instigate a fist fight with another officer in a public place constituted conduct for which an off-duty officer can be subject to discipline (*see Matter of Petry v Constantine*, 210 AD2d 866, 867 [1994]; *Matter of Pollett v McGourty*, 111 AD2d 1023, 1024 [1985]).

Substantial evidence supported each of the charges sustained by the Sheriff. It was within the province of the Hearing Officer to credit the testimony of the several Sheriff's Office employees who testified (*see Matter of Perryman v Village of Saranac Lake*, 64 AD3d 830, 835 [2009]). Their testimony established, among other things, that petitioner berated and made derogatory statements in public to a superior officer, repeatedly attempted to engage another officer in a fist fight, failed to answer truthfully when asked at the administrative inquiry whether he had consumed alcoholic beverages the night of the incident, and refused to answer questions at the inquiry despite being informed of his protection from prosecution and the consequences for failing to answer.

Finally, petitioner's challenge to the penalty is unavailing. Our review is limited to whether the penalty is "so disproportionate as to be shocking to one's sense of fairness" (*Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 274 AD2d

732, 734 [2000]). The penalty does not rise to that level given the nature of the charges sustained, particularly when considered together with the fact that only a few months earlier petitioner had been disciplined for another off-duty alcohol-related incident.

Cardona, P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.