In the Matter of TERRY GUYNUP, Appellant, v COUNTY OF CLINTON et al., Respondents. [935 NYS2d 681]—

Kavanagh, J.

A hearing was held pursuant to Civil Service Law § 75 after which a Hearing Officer found petitioner guilty of insubordination (charge 1) and incompetence (charge 3), but dismissed the remaining charges. As for his penalty, the Hearing Officer recommended that petitioner be required to participate in an employee assistance program and be suspended without pay for 30 days. As the appointed authority designated to review this report and the Hearing Officer's findings, respondent Michael E. Zurlo, the Clinton County Administrator, agreed that petitioner was guilty of insubordination and incompetence. However, he rejected the Hearing Officer's conclusion that petitioner was not guilty of making threats directed at the Sheriff, and found that petitioner was guilty of that charge. Zurlo also disagreed with the Hearing Officer's conclusion as to the penalty to be imposed, and ruled that petitioner should be terminated from his position within the Department. Petitioner challenged Zurlo's determination in a CPLR article 78 proceeding and this Court, upon review, found that substantial evidence existed to support Zurlo's determination as to petitioner's guilt of misconduct and incompetence (charges 1 and 3) (74 AD3d 1552 [2010]). However, Zurlo's determination that petitioner was guilty of uttering threats against the Sheriff (charge 3) was set aside and that charge was dismissed (*id.*). Given that finding, the matter was remitted for a new determination as to the penalty to be imposed on the remaining charges (*id.*). Upon remittal, Zurlo again found that petitioner should be terminated from his position. Petitioner, in response, commenced this CPLR article 78 proceeding, challenging that determination. Supreme Court dismissed the petition, prompting this appeal.

Initially, we note that a correction officer is a law enforcement official and, as such, may be held to a higher standard in measuring his or her conduct in terms of the execution of his or her official duties and responsibilities (*see Matter of Covert v Schuyler County*, 78 AD3d 1309, 1311 [2010], *lv denied* 16 NY3d 706 [2011]; *Matter of Castell v City of Saratoga Springs*, 24 AD3d 1059, 1061 [2005]; *see also Matter of Billings v County of St. Lawrence*, 139 AD2d 809, 811 [1988]). As for the penalty that Zurlo imposed, we note that our review of such an administrative determination is "limited to whether the penalty is so disproportionate as to be shocking to one's sense of fairness" (*Matter of Nygard v County of Warren*, 79 AD3d 1354, 1356-1357 [2010] [internal quotation marks and citations omitted]; *see Matter of Mapp v Burnham*, 8 NY3d 999, 1000 [2007]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Lory v County of Washington*,

77 AD3d 1265, 1268 [2010]). Here, petitioner stands convicted of threatening law enforcement personnel who were attempting to execute a court order requiring that he surrender his firearms. Such conduct, especially when committed by an individual who occupies a senior position in law enforcement, is "clearly at odds with the strict discipline necessary to effectively operate a [Sheriff's Department]" where he is employed and supports the decision imposing termination as his penalty (*Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1275-1276 [2008], *lv denied* 13 NY3d 709 [2009]). As a result, we do not find that the decision to terminate petitioner from his position as a lieutenant with the Department, under the circumstances presented, should be set aside.*

Mercure, A.P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* As a result of this finding, we need not address the consequences of petitioner having been found guilty of charge 3.