Kavanagh, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 11, 2011 in Ulster County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Ulster County Sheriff terminating petitioner’s employment as a correction corporal.
On June 15, 2009, disciplinary charges were filed against petitioner, a correction corporal employed by respondent Ulster County Sheriffs Department, alleging that on May 16, 2009 he struck an inmate across the face with an open hand fracturing the inmate’s nose.[1] It was also alleged that at the time of the incident, the inmate was handcuffed and apparently intoxicated. After a hearing, which included petitioner’s own testimony admitting that he struck the inmate and a surveillance video that recorded the incident, the Hearing Officer sustained the charges and imposed as petitioner’s penalty a 30-day suspension.[2] Upon review, respondent Ulster County Sheriff adopted *1339 the findings of the Hearing Officer as to petitioner’s guilt of the charges, but concluded that the appropriate penalty was termination of petitioner’s employment. Petitioner then commenced this CPLR article 78 proceeding challenging the Sheriffs determination. Supreme Court dismissed the petition, prompting this appeal.
Our review of the penalty imposed is “ ‘limited to whether the penalty is so disproportionate as to be shocking to one’s sense of fairness’ ” (Matter of Guynup v County of Clinton, 90 AD3d 1390, 1391 [2011], quoting Matter of Nygard v County of Warren, 79 AD3d 1354, 1356-1357 [2010]). Notwithstanding petitioner’s unblemished record of employment with the Department, his dismissal was not shocking to one’s sense of fairness given the supervisory nature of his position in the Department and the fact that when this incident occurred, the inmate was handcuffed and under restraint (see Matter of Lory v County of Washington, 77 AD3d 1265, 1268 [2010]; Matter of Longton v Village of Corinth, 57 AD3d 1273, 1275-1276 [2008], lv denied 13 NY3d 709 [2009]). Moreover, contrary to petitioner’s claim, the Sheriff had the right, in determining the penalty to be imposed, to take into account that petitioner did not fully disclose what transpired in the Department’s official report, including the fact that he had struck the inmate while he was under restraint.
Mercure, J.P, Malone Jr., Stein and Garry, JJ, concur. Ordered that the judgment is affirmed, without costs.

. The notice of charges filed pursuant to Civil Service Law article 75 set forth three separate violations of the Department’s rules and regulations that petitioner was alleged to have violated as a result of this incident.

. Charge 1 specified that petitioner struck the inmate with an open hand while escorting him into the facility, fracturing the inmate’s nose. While the Hearing Officer found that petitioner struck the inmate, he did not find that this contact caused the injury to the inmate’s nose. In that regard, evidence *1339 was introduced at the hearing that the inmate — who, as previously noted, appeared to be intoxicated — was injured when he struck his face on the sallyport door as he was being escorted into the facility.