Stein, J.
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered December 29, 2011 in Ulster County, *1199 which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Ulster County Sheriff terminating petitioner’s employment as a correction officer.
Petitioner was a correction officer employed by respondent Ulster County Sheriff’s Department and a member of the Sheriffs Emergency Response Team. On September 9, 2009, three disciplinary charges were filed against petitioner alleging that he grabbed a handcuffed inmate’s neck from behind and struck the inmate’s face against a door, causing injuries to the inmate. Following a hearing pursuant to Civil Service Law § 75, a Hearing Officer sustained two of the three charges against petitioner and recommended a penalty of a three-week suspension without pay.* Upon review, respondent Ulster County Sheriff adopted the findings of the Hearing Officer with respect to petitioner’s guilt of the disciplinary charges, but determined that termination was the appropriate penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the Sheriffs determination. Supreme Court dismissed the petition and this appeal ensued.
We affirm. Petitioner’s sole challenge on appeal is to the penalty imposed by the Sheriff. In this regard, our review is “ ‘limited to whether the penalty is so disproportionate [to the offense] as to be shocking to one’s sense of fairness’ ” (Matter of Guynup v County of Clinton, 90 AD3d 1390, 1391 [2011], quoting Matter of Nygard v County of Warren, 79 AD3d 1354, 1356-1357 [2010]; see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]; Matter of Turzik v VanBlarcum, 100 AD3d 1338, 1339 [2012]). As a law enforcement official, petitioner’s conduct may be held to a higher standard when we evaluate the appropriate penalty to be imposed (see Matter of Turzik v VanBlarcum, 100 AD3d at 1339; Matter of Guynup v County of Clinton, 90 AD3d at 1391; Matter of Nygard v County of Warren, 79 AD3d at 1356-1357).
Here, petitioner was found to have caused an injury to a defenseless, handcuffed inmate over whose custody petitioner was in charge. The Sheriff noted that his decision to terminate petitioner’s employment was based, in large measure, upon the fact that, as a correction officer, petitioner was required to *1200 handle the most difficult and sometimes dangerous individuals and that “[d]isrespect and brutality of prisoners cannot and will not be tolerated.” Even if there is mitigating evidence that could support a different result—such as petitioner’s otherwise unblemished record of service during his 10 years as a correction officer—we may not substitute our judgment for that of the Sheriff (see Matter of Turzik v VanBlarcum, 100 AD3d at 1339; Matter of Longton v Village of Corinth, 57 AD3d 1273, 1274 [2008], lv denied 13 NY3d 709 [2009]). Considering petitioner’s position as a correction officer and a Sheriffs Emergency Response Team member and the serious nature of petitioner’s misconduct—an assault of a handcuffed inmate who petitioner was supervising at the time—as well as petitioner’s failure to take responsibility for his actions, the decision to terminate his employment does not shock our sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 237; Matter of Turzik v VanBlarcum, 100 AD3d at 1339).
Rose, J.R, Spain and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The third disciplinary charge alleged misconduct based upon the fact that petitioner had been arrested and charged with assault in the third degree as a result of this incident. Because he was subsequently acquitted of the criminal charge, the Hearing Officer did not sustain that disciplinary charge.