## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 21, 2016                521210
_____

In the Matter of SCOTT C.
   PHILLIPS,
                Petitioner,

     v                                MEMORANDUM AND JUDGMENT

NATHAN H. YORK, as Sheriff of
   Warren County,
                Respondent.
_____

Calendar Date:  November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

     Tuttle Law Firm, Latham (James B. Tuttle of counsel), for petitioner.

     Lemire, Johnson & Higgins, LLC, Malta (April J. Laws of counsel), for respondent.

_____

Devine, J.

     Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review a determination of respondent terminating petitioner's employment.

     Petitioner was employed by the Warren County Sheriff's Office as a patrol officer.  On December 13, 2013, two disciplinary charges were filed against petitioner as a result of his involvement in a preventable motor vehicle accident while on duty, an accident that allegedly resulted from his careless or negligent driving and that violated the terms of a September 2013 stipulation and agreement obliging him to exercise reasonable

care in operating agency vehicles. Following a hearing pursuant to Civil Service Law § 75, a Hearing Officer sustained both charges and recommended that petitioner receive a letter of reprimand, as well as a two-month suspension and a one-year term of disciplinary probation. Respondent adopted the findings of the Hearing Officer with respect to petitioner's guilt, but determined that termination was the appropriate penalty. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination, which was transferred to this Court for resolution.

We confirm. The facts surrounding the accident that led to the disciplinary charges are not in significant dispute, and petitioner does not assert in his brief that the findings of guilt are unsupported by substantial evidence in the record. He instead contends that respondent's determination was arbitrary and capricious in that it departed, without explanation, from prior disciplinary determinations imposing penalties well short of termination. However, the prior determinations pointed to by petitioner involve radically different misbehavior, a point noted by the Hearing Officer (compare Matter of Girard v City of Glens Falls, 173 AD2d 113, 117 [1991], lv denied 79 NY2d 757 [1992]).[1] Accordingly, while respondent and his predecessor had previously declined to terminate employees for significant misconduct, those decisions are "factually distinguishable from this case and" did not require further explanation by respondent (Matter of Board of Educ. of Hyde Park Cent. School Dist. v Ambach, 142 AD2d 869, 870 [1988]; cf. Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 521 [1985]).

Petitioner also argues that the September 2013 stipulation and agreement – which resolved disciplinary charges stemming from an August 2013 automobile accident and placed him on a six-month term of disciplinary probation during which he was obliged to operate agency vehicles in a responsible manner – bars respondent from terminating him. The stipulation and agreement did not

[1] The same point is noted by respondent in his brief and, as such, petitioner's contention that respondent conceded that he behaved in an arbitrary and capricious manner is without merit.

include language prohibiting respondent from seeking to terminate petitioner for future misconduct, and only stated that respondent was free in his "discretion and without completion of all the formal provisions [of] . . . Civil Service Law § 75 . . . [to] suspend[] [petitioner] without pay for a period not to exceed two (2) months" if the terms of his probation were violated (emphasis omitted).  The stipulation, in other words, does nothing beyond allowing respondent to avoid certain procedural requirements if he thereafter suspends petitioner for a set period of time.  If the parties "intended the clause to have a broader meaning" and preclude respondent from seeking a harsher penalty if he employed the procedures set forth by Civil Service Law § 75, it was incumbent upon them to "have specifically so stated" (New York State Elec. & Gas Corp. v Aasen, 157 AD2d 965, 967 [1990]).

Petitioner lastly argues that the penalty imposed by respondent constituted an abuse of discretion in that "it is so disproportionate to the offense as to shock our sense of fairness" (Matter of Sickler v Town of Hunter, 3 AD3d 727, 728 [2004]; see Matter of Turzik v VanBlarcum, 100 AD3d 1338, 1339 [2012]).  From March 2011 to December 2013, petitioner was involved in several preventable accidents while operating patrol vehicles.  Despite progressive discipline imposed as a result of those accidents, it is evident that petitioner has failed to develop the good judgment necessary to avoid them.  Respondent appropriately found from this history that petitioner would pose a risk to persons and property if he continued to hold his position as a patrol officer and, thus, we cannot say that the penalty of termination shocks our sense of fairness (see Matter of Gibides v Powers, 45 NY2d 994, 995-996 [1978]; Matter of Massaria v Betschen, 290 AD2d 602, 605 [2002]; Matter of Malloch v Ballston Spa Cent. School Dist., 249 AD2d 797, 800 [1998], lv denied 92 NY2d 810 [1998]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court