■ In the Matter of NICHOLAS AMATULLI, Petitioner, v WILLIAM J. BRATTON et al., Respondents. [65 NYS3d 702]—

Determination of respondents, dated September 18, 2015, which, after a hearing, found petitioner guilty of accessing, downloading, and possessing child pornography, and terminated his employment as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Barbara Jaffee, J.], entered June 2, 2016), dismissed, without costs.

The determination that petitioner was guilty of downloading and possessing child pornography is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). As for the downloading specification, respondents showed that 148 child pornography files were shared and downloaded to petitioner's IP address between January 26, 2013 and March 31, 2013. The dates on which these files were detected corresponded to dates on which petitioner had taken leave or a day off from work. As for the possession of child pornography specification, respondents established that the WD external hard drive found in petitioner's basement contained at least five nondeleted, graphic, child pornography videos in a "hidden" folder. Petitioner's behavior during the execution of the search warrant, during which he was found locked in the basement where he was allegedly filing comic books, and told officers there was no tower computer in the basement, even though one was later found there, provided circumstantial evidence of his guilt as to both charges (*see Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d 206, 209 [1995]). The Hearing Officer was entitled to take petitioner's demeanor during his

testimony into account when assessing his credibility (*see e.g. Matter of Edwards v Safir*, 282 AD2d 287 [1st Dept 2001]).

Despite petitioner's tenure with the police department since 1999, the absence of any formal disciplinary record, and the fact that he had been awarded several medals, his termination for downloading and possessing child pornography does not shock our sense of fairness (*see e.g. Matter of Taylor v New York State Div. of State Police*, 28 AD3d 978 [3d Dept 2006]). Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.