Matter of Bender (Lancaster Cent. Sch. Dist.) (2019 NY Slip Op 06297)





Matter of Bender (Lancaster Cent. Sch. Dist.)


2019 NY Slip Op 06297


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


589 CA 18-01336

[*1]JOHN BENDER, PETITIONER-RESPONDENT, AND LANCASTER CENTRAL SCHOOL DISTRICT, RESPONDENT-APPELLANT. 






HARRIS BEACH PLLC, BUFFALO (VICTORIA A. GRAFFEO OF COUNSEL), FOR RESPONDENT-APPELLANT.
PERSONIUS MELBER LLP, BUFFALO (BRIAN M. MELBER OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Dennis Ward, J.), entered June 7, 2018 in a proceeding pursuant to CPLR article 75. The judgment, insofar as appealed from, vacated in part an arbitration award. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the petition is denied in its entirety, the cross motion is granted in its entirety, and the arbitration award is confirmed in its entirety.
Memorandum: Petitioner, a tenured assistant principal employed by respondent at Lancaster Middle School (school), commenced this proceeding under Education Law § 3020-a (5) and CPLR 7511 challenging his termination following a disciplinary hearing before a hearing officer and seeking to vacate the arbitration award. Thereafter, respondent cross-moved to, inter alia, confirm the arbitration award. Supreme Court, in effect, granted in part the petition, denied in part the cross motion, vacated certain charges and specifications and certain factual findings of the Hearing Officer and found the penalty to be shocking to the conscience. Respondent appeals from the judgment to that extent, and we reverse the judgment insofar as appealed from.
The following events gave rise to this appeal. On June 10, 2015, petitioner was scheduled to host an award ceremony but he arrived at the school admittedly under the influence of alcohol. Petitioner disregarded the instructions of his principal, left the school in his car, and was thereafter arrested for driving while intoxicated. His arrest was reported in the local media and was discussed by parents and students on social media. Because he had been a well-regarded teacher and administrator, respondent did not initiate termination proceedings, but instead offered petitioner a last chance agreement, which petitioner executed. The last chance agreement required petitioner to satisfy various counseling and reporting requirements and also provided that if, in the future, petitioner tested positive for alcohol on school grounds or was convicted of an alcohol-related offense, he would be terminated without a hearing under Education Law § 3020-a, which petitioner agreed to prospectively waive under those circumstances.
On September 11, 2015, faculty and staff reported that petitioner appeared to be intoxicated at a school dance at which he was the administrator in charge. Respondent took no disciplinary action then because it was unable to verify those suspicions by administering a blood alcohol test on petitioner. On October 2, 2015, petitioner was arrested for driving while intoxicated after he refused a breathalyzer test. At that time, petitioner also attempted to improperly dissuade the police officer from arresting him by asking the arresting officer if he could make the incident go away by "dropp[ing] some names." That arrest was again the subject of media attention.
Because the last chance agreement provided for petitioner's immediate termination without a hearing only if he tested positive for alcohol or was convicted of an alcohol-related offense, respondent initiated disciplinary proceedings under Education Law § 3020-a. Respondent asserted seven charges against petitioner that were based upon petitioner's failure to comply with the last chance agreement, his violation of school policies by keeping empty alcohol bottles in his desk at school, his intoxicated appearance on September 11, 2015 at the school dance, and his October 2, 2015 arrest. After a three-day disciplinary hearing, the Hearing Officer sustained all seven charges and accepted respondent's recommendation that petitioner be terminated.
In vacating the arbitration award in part, the court determined that the parties "mutually rescinded" the last chance agreement when they proceeded to arbitration, thus rendering that agreement void. The court also determined that respondent elected its remedy by proceeding to arbitration, thereby foregoing any prospective disciplinary action against petitioner under the last chance agreement. The court therefore vacated charge one and specifications two, three and four of charge two, which were based on petitioner's violations of the last chance agreement (LCA findings). The court also vacated charge five, specification five of charge two and certain findings regarding petitioner's actions on June 10, 2015 as being unsupported by the evidence or based on uncharged conduct (conduct findings). Finally, the court found that the Hearing Officer's recommendation of termination was shockingly disproportionate to petitioner's misconduct inasmuch as that misconduct did not occur on school grounds. Thus, the court remitted the matter to a different hearing officer to conduct a hearing on the appropriate sanction for the charges sustained.
We agree with respondent that, contrary to the court's determination, there is no evidence in the record that, by proceeding to arbitration, the parties intended to cancel or mutually rescind the last chance agreement (see generally Dolansky v Frisillo, 92 AD3d 1286, 1287 [4th Dept 2012]; Strychalski v Mekus, 54 AD2d 1068, 1068 [4th Dept 1976]). Indeed, at the disciplinary hearing, both parties agreed that the last chance agreement remained valid and enforceable.
We also agree with respondent that the court erred in its determination that the last chance agreement was rendered unenforceable under the election of remedies doctrine inasmuch as that doctrine has no application to the last chance agreement or to the facts of this case (cf. Simon v Boyer, 51 AD2d 879, 880 [4th Dept 1976], affd 41 NY2d 822 [1977]; Lewyt-Patchogue Co. v Cantor, 82 AD2d 911, 912 [2d Dept 1981]). If it was the intent of the parties to preclude respondent from seeking a penalty for petitioner's failure to comply with the last chance agreement if respondent "employed the procedures set forth by [Education Law § 3020-a], it was incumbent upon them to have specifically so stated" in the agreement (Matter of Phillips v York, 135 AD3d 1231, 1232 [3d Dept 2016] [internal quotation marks omitted]). The plain language of the last chance agreement provided that petitioner would forego his right to a disciplinary hearing if he tested positive for alcohol while on school property or was convicted of an alcohol-related offense. However, nothing in the unambiguous language of that agreement indicated that respondent was limited to disciplining petitioner under the last chance agreement for future misconduct or that respondent could not initiate a disciplinary hearing with respect to petitioner's violations of the last chance agreement itself (see generally Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 559-560 [2014]). Thus, we conclude that the court erred in vacating the LCA findings, and in denying the cross motion insofar as it sought to confirm those findings.
As respondent correctly contends, the court also erred in vacating the Hearing Officer's conduct findings and in denying the cross motion with respect thereto. Education Law § 3020-a (5) permits judicial review of a hearing officer's decision but expressly provides that "the court's review shall be limited to grounds set forth in" CPLR 7511. "An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teacher's Assn., 78 NY2d 33, 37 [1991]; see Matter of Board of Educ. of Dundee Cent. School Dist. [Coleman], 96 AD3d 1536, 1538 [4th Dept 2012]). Where, as here, the parties are "subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious' " (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011], quoting Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]), and "it must be in accord with due process" (Matter of Powell v New York City Dept. of Educ., 144 AD3d [*2]920, 921 [2d Dept 2016]). Here, petitioner failed to meet his burden to show that the conduct findings were invalid (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 568 [1st Dept 2008]). Indeed, the record establishes that those findings were rational, had evidentiary support, and were not arbitrary and capricious, impermissibly based on uncharged conduct, or otherwise improper (see Motor Veh. Acc. Indem. Corp., 89 NY2d at 223-224; cf. Matter of Collins v Parishville-Hopkinton Cent. School Dist., 256 AD2d 700, 701 [3d Dept 1998]).
Finally, we agree with respondent that the court erred in vacating the penalty and in denying the cross motion with respect thereto. "Unless an irrationality appears or the punishment shocks one's conscience, sanctions imposed by an administrative agency should be upheld" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 241 [1974]). Respondent gave petitioner an opportunity under the last chance agreement to avoid further discipline, but petitioner immediately thereafter squandered that opportunity by committing another serious alcohol-related driving offense. Given the seriousness of petitioner's offenses and his position as a role model for young adults, we cannot conclude that the Hearing Officer's penalty of termination was shocking to the conscience. In vacating the penalty, the court inappropriately substituted its judgment for that of the Hearing Officer (see generally Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1069-1071 [2018]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court